C. IRVING SIMON, PROSECUTOR, v. THE MAYOR AND COUNCIL OF THE CITY OF HOBOKEN.

A writ of *certiorari* is not the appropriate remedy for testing the legality of a mere appointment to a public office, even though the appointee has not entered upon the office so as to be liable to an information in the nature of *quo warranto.*

---

On *certiorari.*

Argued at November Term, 1889, before Justices KNAPP and DIXON.

For the prosecutor, *W. D. Daly* and *W. M. Dougherty.*

For the defendant, *J. F. Minturn*

For S. A. Helfer, *W. S. Stuhr.*

The opinion of the court was delivered by

DIXON, J. This *certiorari* brings up merely the proceedings of the mayor and common council of Hoboken in appointing and confirming Samuel A. Helfer as city physician, under the act of May 3d, 1889 (*Pamph. L., p.* 328), and the only

question raised, is with regard to the legality of his selection for that office. Helfer has not been made a party to the suit, although counsel appeared on his behalf at the argument. The evidence leaves us uncertain whether he had entered upon the office when the writ was issued, but he appears to have done so since. The sole interest of the prosecutor lies in the fact that he was the previous incumbent of the office, with a right to hold until his successor should be lawfully appointed. The objection which he raises to the proceedings under review is, that Helfer did not receive a sufficient number of votes in the council to make his confirmation legal.

If Helfer was in office at the issuing of the writ, plainly the *certiorari* should be dismissed, for an incumbent's title to a public office should not be directly passed upon by the Supreme Court, except in a *quo warranto* proceeding brought against the incumbent himself.

If, however, he was not then in office, the case of *Bradshaw* v. *City of Camden*, 10 *Vroom* 416, seems to hold a doctrine which would warrant the acting official in attacking, by *certiorari*, unlawful proceedings designed to elect his successor. But the later case of *Haines* v. *Freeholders of Camden*, 18 *Id.* 454, discountenances this doctrine, and lays down the principle, that the incumbent has no ground of suit until he is ousted, and then he must resort to *quo warranto*, and that the court will not permit him to litigate on a *certiorari*, to which his real adversary is not a legal party, the very question which can be effectually decided only on information in the nature of *quo warranto*. We deem ourselves bound, as, also, we are inclined, to follow this later decision in the present case, where the point at issue is simply Helfer's title to a public municipal office.

Let the writ of *certiorari* be dismissed, with costs.