MacDONALD v. THE CITY OF NEWARK.

MORRIS v. THE CITY OF NEWARK.

1. MacDonald was appointed clerk in the city treasurer's office of the city of Newark by the committee on finance of the common council, under authority (conferred by supplement to the charter) to employ such clerical help and assistance in that office as might be necessary to secure a prompt and efficient performance of the duties imposed on the treasurer. His employment was for no specific time. *Held*, that he held a public position under the government of the city, the term of which was not fixed by law, within the provisions of the "Act in regard to honorably discharged Union soldiers and sailors holding public office or position," approved April 9th, 1889.
2. Morris was appointed clerk in the city clerk's office by the same committee, but the charter gave the committee no power to employ clerical help and assistance for that officer. He was not appointed by the common council, and there was no sufficient evidence that his invalid appointment had been ratified. *Held*, that he did not hold a public office or position under the government of the city, within the provisions of the act above mentioned.

On *certiorari*.

Argued at November Term, 1892, before Justices VAN SYCKEL and MAGIE.

For the prosecutor, *James E. Howell.*

For the city, *William B. Guild.*

The opinion of the court was delivered by

MAGIE, J. MacDonald, the prosecutor, was, on March 19th, 1891, "elected clerk in the city treasurer's office" of the city of Newark, by the committee on finance of the common council.

This action of the committee on finance was taken under the authority of section 17 of a supplement to the charter of Newark, approved March 7th, 1873 (*Pamph. L., p.* 322), which empowers that committee, from time to time, to "employ such clerical help and assistance in the offices of the comptroller, city treasurer, auditor of accounts and city surveyor, as may be necessary to secure a prompt and efficient performance of the duties imposed on said officers." It was, however, expressly declared that the common council should at all times, whenever they chose to exercise the same, have full control over such appointments.

The *certiorari* in this case has brought before us a resolution of the common council of February 17th, 1892, declaring that the term of office or employment of all city officers, clerks and other employes, whose appointment or employment was vested in the council, should terminate March 15th, 1892, and also the action of the committee on finance, of June 21st, 1892, appointing another person "assistant to the city treasurer" in place of prosecutor.

Prosecutor was an honorably discharged Union soldier, who served in the war of the rebellion, and he contends that he has been removed from his position without a hearing, and for no good cause, contrary to the provisions of the "Act in regard to honorably discharged Union soldiers and sailors holding public office or position," approved April 9th, 1889. *Pamph. L., p.* 231.

By the terms of that act, such an honorably discharged soldier, holding a public office or position under the govern-

ment of any city, whose term of office is not fixed by law and who receives a salary from the city, may not be removed from such office or position except for good cause shown, after hearing.

It is conceded that no hearing was accorded to prosecutor, and no cause was assigned for his removal.

The contention on the part of the city is, that he did not hold a public office or position, within the meaning of the act relied on by him.

He was not a "subordinate officer" appointed by the common council under authority conferred by section 21 of the charter of Newark. *Pamph. L.* 1857, *p.* 116. The question, therefore, is, whether he held a "public position" under the government of Newark, within the meaning of the act of 1889.

That act superseded and repealed the "Act in regard to honorably discharged Union soldiers," approved March 6th, 1888. *Pamph. L., p.* 135; *Pierson* v. *O'Connor,* 25 *Vroom* 36.

The act last named applied to any honorably discharged soldier or sailor "holding a position in any city or county of this state, whose term of office is not now fixed by law." What was a "position in any city," within the meaning of that act, was considered by this court while the act was unrepealed. The conclusion was that the act was applicable to those positions which were analogous to offices as distinguished from mere employment, and therefore to apply to employments the duties of which were continuous and permanent and specially pertaining to the position assumed, and not to those which were occasional or temporary or where the services are of a general character, such as may, from time to time, be directed by a superior without being indicated by the special nature of the employment. *Lewis* v. *Jersey City,* 22 *Vroom* 240.

The construction given to this term in the act of 1888 will be adopted in our consideration of the act of 1889 now relied on.

Prosecutor was appointed clerk in the city treasurer's

office, under authority to employ such clerical help and assistance as might be necessary to secure a prompt and efficient performance of the duties imposed on that officer.   The duty imposed on prosecutor was, therefore, to help and assist the city treasurer in the performance of the duties of his office. His duty was continuous and permanent, and not occasional or temporary.   It pertained to the position he assumed and was indicated by the nature of his employment.

Such was the service rendered by prosecutor, from his appointment up to his removal, without any interval.   For such service he was paid a monthly salary.

. In my judgment, prosecutor, by accepting this employment, took and thereafter held a public position under the government of the city, within the meaning of the act of 1889.

But that act applies only to persons holding such position when the term of holding is not fixed by law, and the contention is, that prosecutor's term was fixed by section 21 of the charter above cited.   But that section applies only to persons appointed to office under that charter, and not to persons employed as clerks under the supplement of 1873.   The supplement does not fix the time during which persons so employed were to serve.   The inference is that they might be discharged by the committee or the common council whenever their services were no longer needed or for any reason their discharge was desired, and that they also might quit the service at their pleasure.   The employment was *durante bene placito*.

The termination of such an employment is not fixed by law, within the meaning of the act in question.   *Smith* v. *Regan*, 25 *Vroom* 167.

Prosecutor is, therefore, entitled to the protection of the act in respect to continuance in his position.

But it is contended that prosecutor has not been removed from his position, but that his position has been abolished, as doubtless may be done without contravening the requirements of the act of 1889.   *Newark* v. *Lyon*, 24 *Vroom* 632.

But the proceedings before us are not capable of that construction.   The resolution of council expressly puts an end

to the term of employment, and the committee on finance thereupon appoint or employ another person in prosecutor's place.

It remains to consider whether prosecutor can obtain relief by his writ of *certiorari.*

If, when he sued out his writ, he had been ousted from his employment and could regain his position by *quo warranto, certiorari* was not an appropriate remedy. *Simon* v. *Hoboken,* 23 *Vroom* 367. But since prosecutor was not a public officer, but only in the employ of the city, an information in the nature of a *quo warranto* would not lie. *High Extr. Rem.,* §§ 626, 632. Whether prosecutor remained in his employment when he sued out his writ, is not clear. But he was unlawfully dismissed, and the resolutions brought before us may be unlawfully used to prevent his rendering the service and taking the emoluments of his employment. As he has no remedy by *quo warranto,* he can have no remedy at all, except by the writ of *certiorari.* His situation is substantially within the doctrines laid down by this court in *Loper* v. *Millville,* 24 *Vroom* 362.

In the case argued with the above and presenting similar questions, wherein William W. Morris is prosecutor, the writ must be dismissed.

Morris was appointed, by the committee on finance, a clerk in the city clerk's office. But the committee was not empowered to employ clerical help and assistance for that officer. Morris was not appointed by the common council, and although he did service and received pay, the evidence does not warrant the inference that his invalid appointment was ratified.

He did not, therefore, occupy a position under the government of Newark, within the meaning of the act of 1889.

In the MacDonald case the proceedings must be vacated, as to him, with costs.

In the Morris case the writ should be dismissed, with costs.