GEORGE A. DEVLIN *vs.* SAMUEL DALTON & others.

Suffolk.    March 3, 4, 1898. — May 21, 1898.

Present: ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Certiorari — Statute — Discharge of Officer of the Volunteer Militia.*

Certiorari will not lie to correct the proceedings of the board of examiners acting under § 64 of St. 1893, c. 367, entitled "An Act concerning the volunteer militia."

PETITION, filed May 3, 1897, against Samuel Dalton, Adjutant General in charge of the records, and the board of examiners under § 53 of c. 367 of the Acts of 1893, entitled "An Act concerning the volunteer militia," for a writ of certiorari to quash the proceedings of that board in discharging the petitioner from his position as a captain in Company F of the Sixth Regiment of the Massachusetts Volunteer Militia. Hearing before *Holmes,* J., who ruled that the petitioner was subject to examination, and denied the motion for a further return or answer, and reported the case at the request of the petitioner for the consideration of the full court. The facts appear in the opinion.

*F. S. Hesseltine,* (*N. F. Hesseltine* with him,) for the petitioner.

*J. M. Hallowell,* Assistant Attorney General, for the respondents.

ALLEN, J. The Fourth Amendment to the Constitution provides that "All officers commissioned to command in the militia may be removed from office in such manner as the Legislature may, by law, prescribe." The St. of 1893, c. 367, § 42, provides that an officer elect shall "be commissioned and notified to appear before the examining board provided in section fifty-three." Section fifty-three provides that "Every commissioned officer [with cer-

tain exceptions not now material] shall, upon being notified as provided in section forty-two, appear before an examining board, to consist of the permanent commanders of brigades, regiments of infantry, battalions of artillery and cavalry, the naval brigade and corps of cadets. The board shall examine the said officer as to his military, moral, and general qualifications. . . . If in their opinion such officer is competent, the fact shall be certified to the commander in chief. . . . Any officer who fails to appear before the board of examiners within forty days from the date of his election or appointment, or who fails to pass a satisfactory examination before said board, shall be forthwith discharged by the commander in chief." Section 64 is as follows: "An officer who fails to pass the board of examiners or fails to appear before said board, as provided in section fifty-three of this act, and any officer who may at any time be ordered before said board of examiners, and who fails to pass, shall be discharged by the commander in chief."

The first portion of § 64 is a repetition of the provision last quoted of § 53; but the latter portion provides for a new examination by the same board at any subsequent time when so ordered. This provision had its origin in St. 1884, c. 230, § 9, and it was repeated in St. 1887, c. 411, § 64; and it was no doubt intended to meet cases where experience raised a question as to the qualifications of officers who had passed the examination provided for in § 53, shortly after their election. The scope and purpose of the later examination are the same as in the original one; namely, to ascertain as to the officer's military, moral, and general qualifications, and to determine whether in the opinion of the board of examiners he is competent for his position. The petitioner therefore lawfully might be ordered to appear before the board of examiners for a subsequent examination, although he had passed a satisfactory examination upon his election in 1893.

The petitioner also contends that he was in reality tried before the board of examiners on secret charges which had been filed against him by his colonel, who was a member of the board, and that the board acted virtually as a court, though without having formal charges filed, or allowing him to be represented by counsel; and that, being a court, a writ of certiorari may issue to

correct its proceedings. But this is a misconception of the position and doings of that board, which was acting in no sense as a court of inquiry, or court martial, or court of any kind, but only as a board of examiners, to ascertain and determine if the petitioner was competent for his position. Following the usual course of proceedings on a petition for a writ of certiorari, that board has made a return of its doings, by which it appeared that the petitioner was examined by and in the presence of the board as to his military, moral, and general qualifications; that he answered some of the questions put to him, and refused to answer others; that he took no specific objection or exception to any of the questions so put to him; that he failed to pass a satisfactory examination before the board; and that the result of the examination was forwarded by the board through the regular military channels to the commander in chief. A record of the result was made, but the board had no other or further records concerning any order of discharge, or relating to the proceedings in the examination, and no record of the questions asked, answered, or declined to be answered in the examination. It thus appears that the petitioner was personally before the board of examiners, who could form some opinion as to his competency to command a company of infantry, from his appearance, manner, mode of speech, and conduct, as well as from a consideration of his answers taken abstractly. It cannot be expected that we should revise their conclusion, or do anything further than to see if. it appears that any error in point of law was committed. *People v. Hill*, 126 N. Y. 497. *Simon v. Hoboken*, 23 Vroom, 367. A writ of certiorari does not lie to revise a decision of a question of fact upon evidence heard. *Farmington River Water Power Co. v. County Commissioners*, 112 Mass. 206. And especially a court of law is not a proper tribunal to determine the competency of a military officer. We are unable to see that any error in law was committed by the board of examiners in reaching their conclusion. The fact that it did not act as a court disposes of most of the objections urged against its proceedings. An examining board, with a view to ascertain the petitioner's qualifications, might put questions touching any matter which would aid it in its decision. And we have no occasion to consider whether or not he properly declined to answer any questions so put. The grounds of its decision are not stated.

None of the minor objections taken by the petitioner can avail him. Since in these proceedings the board of examiners did not act as a court, his petition must fail, because a writ of certiorari is issued only to revise proceedings which are judicial in their nature. *Attorney General* v. *Northampton*, 143 Mass. 589. And in any case it does not lie to correct formal or technical mistakes, when no substantial injustice is shown to have been done. *Haven* v. *County Commissioners*, 155 Mass. 467. The motion for a further return or answer was rightly overruled.

*Petition dismissed.*