MARY G. BAKMAN ET AL., PROSECUTORS, v. THE HACKENSACK IMPROVEMENT COMMISSION.

Argued November 3, 1903—Decided February 23, 1904.

1. The power to levy assessments for the benefits for sewer improvements in the village of Hackensack, in the township of New Barbadoes, in the county of Bergen, conferred upon the commissioners of the Hackensack improvement commission by the act

approved April 1st, 1868, was repealed by the act approved March 12th, 1878, and by this latter act was vested in commissioners appointed by the Circuit Court.

2. The General Township act (Revision of March 24th, 1899), does not repeal the act of April 1st, 1868, creating the Hackensack improvement commission.

On rule to show cause why *certiorari* should not issue.

Before Justices FORT, GARRETSON and PITNEY.

For the rule, *Peter W. Stagg.*

*Contra, Luther A. Campbell* and *Demarest & De Baun.*

The opinion of the court was delivered by

FORT, J. The "Hackensack Improvement Commission" was created under "An act to incorporate the Hackensack improvement commission," approved April 1st, 1868. *Pamph. L., p.* 564.

They are by this act given certain powers previously existing by statute in the inhabitants of the village of Hackensack (*Pamph. L.* 1868, *p.* 565, § 5), and by section 13 of the act of 1868 it was provided that "this act shall take effect immediately and shall be in force in that part of the county of Bergen now known as the village of Hackensack and included within the following boundaries" (describing them). *Pamph. L.* 1868, *p.* 568, § 13.

Under section 8 of the act of 1868 the commission were given power to construct a sewer in any street of the village, "upon the consent in writing of persons owning land upon the street, or upon the part of the street, through which the said sewer is proposed to be built, representing a majority of linear feet thereon." And upon such consent the commission are required "to ascertain, as near as may be, the cost of constructing said sewer, and shall assess the cost thereof in such proportions as they shall deem just upon the lands lying upon such street or part of street, which, in their judgment, will be benefited thereby."

By section 9 it is provided as follows: "That after the said consent for building a sewer has been obtained and the assessment therefor made, the said commissioners shall give notice of and hold a meeting to hear objections to the building of such sewer and complaints against such assessment; and such commissioners may alter such assessments, or any of them, or, in their discretion, may alter or abandon the building of the same."

All the proceedings provided for by the provisions of the act of 1868, including the consent of the landowners, the notice of the hearing and the hearing upon the question of building the sewer, were complied with by the commission in this case, but they did not make an assessment of the cost of the sewer, as near as may be, as provided for by the eighth section of the act.

If this assessment of the cost was the duty of the commissioners, then their proceedings are illegal, otherwise not.

Hackensack is within the township of New Barbardoes, in Bergen county, and was also a village prior to the creation of the commission provided by the act of 1868, *supra,* and we think it still remains so.

In 1878 the legislature passed an act entitled "An act to provide for the assessment and payment of the cost and expenses incurred in constructing sewers and making other improvements in townships and villages," approved March 12th, 1878. *Pamph. L., p.* 70. By section 2 of this act it is provided that hereafter in all cases in which an assessment for the costs, damages and expenses which may be incurred by any board of commissioners for the construction of a sewer shall be necessary, "the board shall cause public notice thereof, &c., and apply to the Circuit Court for the appointment of three, &c., commissioners to make an assessment of such costs, damages and expenses." The method for the procedure of said commissioners, when so appointed, is pointed out by the statute and covers their report to the court and its confirmation.

Section 18 of the act reads as follows: "This act shall

refer to all boards of commissioners qualified by any local or special laws to make assessments for public improvements of the character mentioned in this act by whatever name or style such commissioners may be designated or known in and by the act authorizing them to make such improvements, and all special acts under which any local improvements of the character mentioned in this act have been or shall be made, so far as such special acts are inconsistent with the provisions of this act, and all other acts inconsistent with this act, be and the same are hereby repealed."

We think the provisions for the assessment by the commissioners of the Hackensack improvement commission contained in the act of April 1st, 1868, of the cost and expenses of laying sewers was repealed by the act approved March 12th, 1878, and that such assessments could only thereafter be laid by commissioners appointed by the Circuit Court.

Nor is there anything in the other suggestion of the prosecutor that the Hackensack Improvement Commission act of 1868 was repealed by the General Township act (Revision of 1899). *Pamph. L.* 1899, *p.* 412.

The rule to show cause will be discharged and the writ is denied.