JAMES P. CROKER v. BOARD OF EXCISE COMMISSIONERS OF THE CITY OF CAMDEN.

Argued February 26, 1906—Decided June 11, 1906.

1. The act of April 8th, 1902 (*Pamph. L.,* *p.* 628), authorizes the board of excise commissioners of a city to make ordinances to license and regulate or prohibit saloons, and, when licensed, to revoke or transfer the license. An ordinance provided that the excise inspector should at all times have access to all licensed saloons, excepting between certain hours; that it should be unlawful for any licensed saloonkeeper to light his place of business or any sign connected therewith between certain hours on Sunday; that it should be unlawful for any saloonkeeper to open his place

of business on Sunday for the sale of cigars or non-intoxicating liquors, and that on days when the sale of liquor is prohibited it should be unlawful for any saloonkeeper to put up any curtain or screen in front of his bar. *Held*, that the ordinance was not *ultra vires*.

2. An ordinance of the board of excise commissioners of a city prohibiting a licensed liquor dealer from having a light burning in his place of business between seven o'clock in the morning and twelve o'clock midnight on Sunday is not unreasonable.

3. An excise ordinance prohibiting the hanging of screens, &c., during such times as the sale of liquor is prohibited by law, being manifestly designed to prevent clandestine sales at times when selling is unlawful—*Held*, not unreasonable.

4. The act of April 8th, 1902 (*Pamph. L., p.* 628, § 1), requires that every ordinance of a board of excise commissioners shall be published for two insertions in two newspapers, and the charter of a city provided that every ordinance passed by the common council should be published for two weeks. *Held*, that publication of an ordinance of the excise commissioners of the city in compliance with the act of 1902 was sufficient.

On application for allowance of *certiorari*.

Before Justices Fort, Pitney and Reed.

For the applicant, *Frederick A. Rex.*

For the respondent, *Edwin G. C. Bleakly.*

The opinion of the court was delivered by

Pitney, J. A rule having been made requiring the excise commissioners to show cause why a writ of *certiorari* should not be allowed to review an ordinance passed by them January 1st, 1906, relating to inns, taverns and saloons, and the sale of intoxicating liquor, in the city of Camden, proofs have been taken which show that Croker, the applicant, is a resident and taxpayer in the city of Camden, and is regularly licensed to conduct a retail liquor business in that city. It also appears that he has been arrested for an alleged violation of the ordinance in question. As a part of the proofs the ordinance itself is laid before us.

Passing by the question whether the applicant has such a status as to enable him to sue out a *certiorari* (*Unger* v. *Fanwood,* 40 *Vroom* 548), we proceed to consider the questions raised concerning the validity of the ordinance.

It appears that the board of excise commissioners was established in Camden pursuant to the act of April 8th, 1902. *Pamph. L., p.* 628. By that act the board is empowered to make, establish, amend or repeal ordinances and by-laws to license and regulate, or prohibit, inns and taverns, restaurants and beer saloons, and when licensed to revoke or transfer such license, and to prohibit all traffic in or sale of intoxicating drink or drinks, to license, regulate or prohibit billiard saloons or bowling alleys, and to prescribe and enforce a penalty or penalties, either by fine or imprisonment, for the violation of such ordinance or by-laws.

The ordinance in question provides that the excise inspector shall have access to all licensed saloons in the city of Camden at all times, excepting between the hours of twelve o'clock midnight and seven o'clock in the morning of each day; that it shall be unlawful for any licensed saloonkeeper to light up, by gas, electricity or otherwise, his place of business, or to light up or keep lighted up any sign or signs connected with such place of business, between the hours of six o'clock in the evening and twelve o'clock midnight on Sunday; that it shall be unlawful for any licensed saloonkeeper to open his place of business on Sunday for the sale of cigars or non-intoxicating liquors or the transaction of any other business, provided that this shall not prohibit hotels and restaurants from serving meals on Sunday; that on Sundays, and on election days, and at all other times when the sale of liquor is prohibited by law, it shall be unlawful for any saloonkeeper to put up, hang or maintain, or permit to be put up, hung or maintained, any blind, curtain or screen in front of his bar, and that all blinds, curtains and screens during the time aforesaid shall be removed from the front of every bar. The ordinance likewise prescribes fines and penalties for its violation.

It is urged, first, that the ordinance is *ultra vires*. It seems to us, however, that its subject-matter is within the power of regulation conferred upon the board by the act of 1902.

It is next urged that the ordinance is unreasonable—*first*, in that it prohibits a licensed dealer ·from having a light burning in his place of business, even though it may be for his protection against thieves or burglars. This refers to the provision that requires the extinction of lights for six hours on Sunday evening. It may be inferred that the purpose of this provision is to prevent church-goers and other observers of the Sabbath from being offended by the view of public drinking places. It cannot be said that the maintenance of lights during those hours is, as a general proposition, necessary for the prevention of burglary and other crimes. The ordinance is, of course, to receive a reasonable construction. If in given circumstances lights were necessary to forestall a burglary or other crime that was reasonably to be apprehended, the maintenance of lights on such an occasion would not be deemed a breach of its provisions. *Secondly*, the prohibition of the hanging of screens, &c., during such times as the sale of liquor is prohibited by law, is attacked as unreasonable. We do not so regard it. Its manifest purpose is to prevent clandestine sales at times when selling is unlawful. Similar provisions have been upheld in other states. *Dicker* v. *Sargeant*, 125 *Ind.* 404; 25 *N. E. Rep.* 458; *McNulty* v. *Troopf* (*Kentucky Court of Appeals*, 1903), 75 *S. W. Rep.* 258.

Finally, it is objected that the ordinance was not published as required by law. The act of 1902, already cited (*Pamph. L., p.* 628, § 1), requires "that every ordinance or by-law of such board of excise commissioners shall, after its introduction and before its final passage, be published for two insertions in two newspapers," &c. This act contains no other requirement for publication. This requirement has been complied with in the present case. It is insisted, however, that since the revised charter of Camden (*Pamph. L.* 1871, *p.* 224, § 29) provides that every ordinance passed by

the common council shall be published for two weeks before the same shall take effect, such publication after passage is required in the case of ordinances passed by the board of excise commissioners. With this view we cannot agree. The excise commissioners are in no sense a department or committee of the city council, but exercise independent powers, derived directly from the general legislature by virtue of the act of 1902. *Schwarz* v. *Dover,* 41 *Vroom* 502, 505, and cases cited; *affirmed,* 43 *Id.* 311. The express provision contained in that act for a publication of the excise ordinance before passage excludes the notion that it was the intent of the legislature to require any other or further publication. If we are wrong in this view, it results, not that the ordinance should be set aside, but that it remains inoperative until after it shall have been published. *Bowyer* v. *Camden,* 21 *Vroom* 87, 91; *Anderson* v. *Camden,* 29 *Id.* 515, 520.

For these reasons the *allocatur* will be refused, with costs.

Argued February 26, 1906—Decided June 11, 1906.