JOHN BUMSTED, PROSECUTOR, v. JOHN A. BLAIR, JUDGE, &c., ET AL.

Argued July 30, 1906—Decided July 30, 1906.

1. The title of an incumbent to an office will not be directly passed upon by the Supreme Court except in a *quo warranto* proceeding brought against the incumbent himself.
2. Where it appears that the real matter in controversy in a proceeding removed by *certiorari* is the title to a municipal office, the writ will be dismissed.

On *certiorari*.

Before Justices FORT, REED and TRENCHARD.

For the prosecutor, *J. Merritt Lane.*

For the defendants, *John W. Queen, Howard R. Cruse* and *George T. Vickers.*

The opinion of the court was delivered by

FORT, J.    The *certiorari* allowed in this case we think must be dismissed.

The prosecutor in the writ was a former excise commissioner of Jersey City.    He claims that he is still in office, notwithstanding that by section 5 of the act of the legislature, entitled "A supplement to an act entitled 'An act to regulate

the sale of spirituous, vinous, malt and brewed liquors, and to repeal an act entitled "An act to regulate the sale of intoxicating and brewed liquors," passed March seventh, one thousand eight hundred and eighty-eight, approved March twentieth, one thousand eight hundred and eighty-nine;' approved April thirteenth, one thousand nine hundred and six," his office is declared to cease and determine at the end of twenty days after that act takes effect.

His contention is, not that the act does not, in plain terms, declare the office he held to be terminated, but that the act which so declares is itself void, because unconstitutional, and hence does not legally terminate his office as excise commissioner of the city of Jersey City.

The writ in this case brings up an order of appointment of excise commissioners for the city of Jersey City to fill the vacancy caused by the termination of the office of the prosecutor and others. The appointees to fill such vacancies were appointed by an order of the Court of Common Pleas of the county of Hudson, pursuant to the statute. *Pamph. L.* 1906, *p.* 199, § 5.

The appointees of the court have, admittedly, been sworn in as excise commissioners, and have entered upon the performance of the duties of their office.

This is not a case within the rule declared in *Flaucher* v. *Camden,* 27 *Vroom* 244. There it was the act creating the office that was unconstitutional. Here the claim is that the act authorizing an appointment to a legally-created office is unconstitutional. That does not affect the office—only the incumbent. Hence the incumbents are *de facto* commissioners, at least.

If they are not excise commissioners of Jersey City, then there can be no such commissioners until the statute which vacated the office of the old commissioners is declared void.

As to whether the fifth section of the act approved April 13th, 1906, is unconstitutional, we do not express any opinion. That its plain terms raise a grave question as to its constitutionality, the most casual reading will indicate. It seems to limit its operation to municipalities where "excise

commissioners are now, by law, appointed by the mayor or other governing body of the municipality." Whether this can be deemed a general law regulating the internal affairs of municipalities is therefore clearly raised under this apparent restriction of its provisions to existing municipalities in which excise commissioners "are now" appointed by the mayor or governing body. But upon this question it is not intended to express any opinion, and none is expressed.

But this proceeding, we think, is an attempt by *certiorari* to determine as between the prosecutor and certain of the defendants the title to the office of excise commissioners in Jersey City, and for that reason it must be dismissed.

*Quo warranto* is the only means under our practice for the determination of that question. We are unable to distinguish the proceeding here from that held to be improper on *certiorari* in *Simon* v. *Hoboken,* 23 *Vroom* 367. There Mr. Justice Dixon, speaking for the Supreme Court, declared: "If Helfer was in office at the issuing of the writ, plainly the *certiorari* should be dismissed, for an incumbent's title to a public office should not be directly passed upon by the Supreme Court except in a *quo warranto* proceeding brought against the incumbent himself."

To the same effect are the following cases: *Haines* v. *Freeholders,* 18 *Vroom* 454; *Loper* v. *Millville,* 24 *Id.* 362; *Bilderback* v. *Freeholders,* 34 *Id.* 55; *McFall* v. *Dover,* 41 *Id.* (at p. 521); *Miller* v. *Washington,* 38 *Id.* 167; *Stites* v. *Freeholders,* 29 *Id.* 340; *Roberson* v. *Bayonne, Id.* 325; *DuFour* v. *State Superintendent.* 43 *Id.* 371.

In *Loper* v. *Millville, supra,* Mr. Justice Knapp said: "We are not told by the case presented who, when the writ of *certiorari* issued, was in possession of the office. But whether the subsequent appointee was or was not the incumbent, he was not, and could not be, a proper party under this writ. If he were in and claiming right to the office, such right could be challenged only by *quo warranto.*

In this case the writ makes the appointees of the Court of Common Pleas parties, and probably, in a proper case, under the rule in *Schwarz* v. *Dover,* 41 *Vroom* 502, this is,

the correct practice. That case was affirmed in the Court of Errors and Appeals. 43 *Vroom* 311.

It has been suggested that Schwarz *v.* Dover gives countenance to the determination on *certiorari* of the question brought up by this writ, but we are unable to so read it. The writ there was to review the action of the municipality in creating, by ordinance, an excise department for Dover, under which the Common Pleas could appoint the commissioners. Here the power in the Common Pleas to appoint exists by statute, and that court has appointed, and the appointees are in office, and to vacate the action of the Common Pleas in appointing would be to cut from under the appointees their title to office. That view, we think, makes the sole question on this writ one of title to the office, and it cannot therefore be determined on *certiorari.*

It may be proper, where one in possession of an office has been removed therefrom by municipal action or the like, and another has been appointed to the office from which he has been removed, to *certiorari* the resolution or other action so unlawfully used to disturb him in his possession, that he may be in position to assert his right against the usurper by *quo warranto. Loper* v. *Millville,* 24 *Vroom* (at *p.* 365). But such is not the case here, as the removal of the prosecutor from office, in this case, is by statute, within the power of the legislature if constitutionally exercised.

The order of the Common Pleas appointing excise commissioners to fill the place of the prosecutor in this writ, and others, is not a resolution, order or proceeding disturbing the prosecutor and others in the possession of their offices, or removing them therefrom. It simply appoints other persons to an office which the prosecutor and others claim the right to hold.

It is clear to us that the sole question sought to be determined by this writ is the title of the office of the excise commissioners of Jersey City, and that question can only be properly determined on *quo warranto.*

In view of the result thus reached we have not deemed it necessary to consider the question whether an order made by

the Court of Common Pleas of the nature and character of the one brought up by this writ may be reviewed by a writ of *certiorari* on the application of a citizen and taxpayer.

The writ will be dismissed, but without costs.