THOMAS J. McGRATH, DEFENDANT IN ERROR, v. THE MAYOR AND COUNCIL OF THE CITY OF BAYONNE, PLAINTIFF IN ERROR.

Submitted July 3, 1913—Decided November 17, 1913.

1. A municipal "position," within the meaning of the statutory provisions dealing therewith, is a place analogous to an office in that the duties which pertain to it are permanent and certain, but different therefrom in that such duties may be non-governmental, and are not assigned to it by any public law of the state, either directly or by delegated authority.

2. *Certiorari*, and not *quo warranto*, is the proper remedy to test the validity of an appointment to a municipal position.

3. An office or position which is created by municipal ordinance or resolution, adopted pursuant to power conferred by the legislature upon the governing body of the municipality for that purpose is just as much created by law, and its term, when fixed by such ordinance or resolution, is just as much *fixed by law* as if the legislature itself had acted in the premises.

On error to the Supreme Court.

For the plaintiff in error, *Daniel J. Murray* and *Warren Dixon.*

For the defendant in error, *Benny & Cruden.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. On January 1st, 1908, the board of councilmen of the city of Bayonne adopted a resolution providing "that Thomas Noolan be and he is hereby appointed and elected assistant building inspector, which office is hereby created for the term of one year, at a salary of $1,-000, and that the salary be paid from the building inspectors' fund." Noolan served as assistant building inspector from the date of his appointment until March 1st, 1910, holding over beyond the expiration of his term with the apparent acquiescence of council. On the day last named council adopted a resolution reading as follows: *"Resolved,* That Thomas

McGrath be and is hereby appointed and elected assistant building inspector in place of Thomas Noolan for the term ending December 31st, 1910, at the salary of $1,000 per annum, said term to begin on the adoption of this resolution;" and pursuant thereto McGrath became assistant building inspector, and served as such without further action on the part of council until January 1st, 1912, when the following resolution was passed: *"Resolved,* That William Dwyer be and he is hereby appointed and elected assistant building inspector for the term of one year at a salary of $1,000 per annum." Upon the adoption of this last resolution, and under its provisions, Dwyer assumed the position of assistant building inspector of the municipality. Thereupon McGrath sued out a writ of *certiorari* attacking the validity of this action of council upon the ground that he was an exempt fireman of the city of Bayonne, holding an exemption certificate regularly issued to him, and that the effect of the resolution was to remove him from the office or position of assistant building inspector without cause, and without a hearing, in violation of section 1 of an act regarding exempt firemen of volunteer fire departments, approved April 24th, 1911. *Pamph. L., p.* 444. The section appealed to provides "that no person now holding a position or office under the government of this state, or the government of any county, city, town, township or other municipality of this state, or who may hereafter be appointed to any such position, whose term of office is not now fixed by law, and receiving a salary from such state, county, city, town, township or other municipality, who is an exempt fireman of any volunteer fire department * * * holding an exemption certificate issued to him as such exempt member of any such volunteer fire department shall be removed from such position or office except for good cause shown after a fair and impartial hearing, but such exempt fireman shall hold his position or office during good behavior, and shall not be removed for political reasons." The *status* of McGrath as an exempt fireman was not controverted; nor was the fact that the resolution under review was adopted without any charges

having been made against him, and without a hearing af-
forded him.

Upon the return of the writ, and after full argument, the
Supreme Court held that the resolution was in contravention
of the statutory provision appealed to, and for this reason
set it aside.   The judgment of the Supreme Court is now
before us for review.

It will be observed that the first section of the act of 1911
protects an exempt volunteer fireman who holds either a po-
sition or an office under the government of the state, or under
the government of one of the municipalities thereof, the term
of which was not fixed by law at the date of the enactment
of the statute; and the first contention made before us on
behalf of the defendant municipality, and also urged before
the Supreme Court, is that the assistant inspectorship of
buildings of Bayonne is an office within the meaning of this
statute, as distinguished from a position, and that, conse-
quently, the right of the incumbent to hold it can only be
contested by *quo warranto* proceedings—in other words, that
the prosecutor below had mistaken his remedy—and that for
this reason the *certiorari* should have been dismissed.   The
assistant inspectorship was created by the above-recited reso-
lution of January 1st, 1908, and it is therein designated as an
office.   But this fact is of little significance in determining its
character.   An office, as defined by our decisions, is a place
in a governmental system created, or, at least, recognized, by
the law of the state, to which certain permanent public duties
are assigned, either by the law itself or by regulations adopted
under the law by an agency created by it and acting in pur-
suance of it.   *Stewart* v. *Freeholders of Hudson,* 32 *Vroom*
118;   *Fredericks* v. *Board of Health,* 53 *Id.* 200.   The
proofs in the present case show that the place involved
in this contest does not possess these characteristics.   *Cer-
tiorari,* therefore, and not *quo warranto,* was the proper
proceeding for contesting the validity of the action of
council in appointing Dwyer to the place occupied by Mc-
Grath (*MacDonald* v. *Newark,* 26 *Vroom* 267; *Peterson* v.

*Freeholders of Salem,* 34 *Id.* 57), and the Supreme Court was right in refusing to dismiss the writ for the reason stated.

Not being an office, the next question presented for consideration is whether the assistant inspectorship of buildings is a position, within the meaning of the act of 1911. In the case of *Fredericks* v. *Board of Health, supra,* the Supreme Court, in considering what was a position within the purview of a similar statute protecting the occupant thereof from arbitrary removal, correctly defined it to be a place analogous to an office in that the duties which pertain to it are permanent and certain, but different therefrom in that such duties may be non-governmental and are not assigned to it by any public law of the state either directly or by delegated authority. Are the duties of the assistant inspector of buildings of Bayonne permanent? This depends upon the true construction of the resolution of January 1st, 1908, which created the place. The significant words of the resoultion are "which office is hereby created for the term of one year at a salary of $1,000." They are capable of either one of two meanings—*first,* that the place was to cease to exist at the expiration of a year from the date of its creation; *second,* that it should be a continuing one, the appointee to hold for a yearly term. The board of councilmen, by filling the place from time to time, as above recited, has construed the resolution as creating a place permanent in its character, and that construction seems to us to be the more reasonable one, in view of the fact that, by such municipal action, it is shown that the needs of the city require that it should continue to exist indefinitely, and a construction of the resolution which would attribute to council a purpose to disregard such requirement ought not to be adopted unless the language used forces to that conclusion. The place being a permanent one, the duties appertaining to it must also be.

Are these duties certain as well as permanent? We think they are. They are indicated by the title given to the person occupying the place, and consist in rendering assistance to the building inspector in the discharge of his functions, and

hence are as certain as are those of his superior. *Stewart* v. *Freeholders of Hudson, supra.*

We conclude, therefore, that the place of assistant building inspector is a "position" within the meaning of the act of 1911 regarding exempt firemen.

Finally, was the term of such assistant inspector fixed by law at the time of the enactment of the statute of 1911? For the statute does not apply to exempt firemen holding offices or positions having definite terms which were so fixed. It is conceded by counsel on both sides that the creation of this position by the board of councilmen was within the power of that body—in other words, that the charter of Bayonne, passed by the legislature, authorized such action by the municipality. Having the power, by legislative delegation, to create the position, it follows, we think, that, in the absence of restrictive words in the charter (and there are none such), the board of councilmen also had, by necessary implication, the power to prescribe its duties, and the term during which a given occupant should serve. At the time, therefore, of the passing of the original resolution, the board of councilmen, both in the creating of the position and in the fixing of its term, of its salary and of its duties, was exercising powers conferred upon it by the legislature. Is, then, a resolution, passed under such authority, a *law* within the meaning of the provision of section 1 of the act of 1912? We think it is. The statute deals both with state and municipal offices and positions; not only with offices and positions created by statutes, but with those created by municipal ordinances or resolutions; and these latter enactments, when authorized by the legislature, are just as much laws within the boundaries of the municipality by which they were passed as are the former within the boundaries of the state itself. *Bradshaw* v. *Camden,* 10 *Vroom* 418; *Bohan* v. *Weehawken,* 36 *Id.* 490. It follows, therefore, that an office or position which is created by municipal ordinance or resolution adopted pursuant to power conferred by the legislature upon the governing body for that purpose, is just as much created by law, and its term, when fixed by such ordinance or resolution, is just

as much fixed by law as if the legislature itself had acted in the premises.

It results from the views which we have expressed that the judgment setting aside the resolution of January 1st, 1912, appointing Dwyer as assistant building inspector is erroneous. The position being one that had an annual term fixed by law at the time of the enactment of the statute of 1911, it was the duty of the board on the 1st of every January to appoint its occupant for the then ensuing year, and its failure to perform this duty on the 1st of January, 1911, when McGrath's term under his original appointment expired, could not relieve it from doing so on the 1st of January, 1912; much less could it operate to render its action on the latter date invalid.

The judgment under review will be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, GARRISON, SWAYZE, BERGEN, VOORHEES, KALISCH, VREDENBURGH, CONGDON, WHITE, TERHUNE, HEPPENHEIMER, JJ. 11.