JOHN I. FITZGERALD *vs*. MAYOR OF BOSTON & others.

Suffolk.   March 17, 1915. — March 18, 1915.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Constitutional Law*, Delegation of power by Legislature.   *Municipal Corporations. Boston. Certiorari.*

The Legislature acted within its powers in requiring by St. 1914, c. 630, § 1, that the city council of Boston before January 1, 1915, should make a new division of the city into not less than twenty-four nor more than thirty-six wards with their boundaries so arranged that the wards should contain, as nearly as could be ascertained and as might be consistent with well defined limits to each ward, an equal number of voters.

The exercise by the city council of Boston of the power given them by the statute described above was administrative or political and was not judicial nor *quasi* judicial in character and therefore was not subject to review upon a writ of certiorari.

PETITION, filed in the Supreme Judicial Court on January 13, 1915, and afterwards amended, for a writ of certiorari to quash the action of the city council of Boston under St. 1914, c. 630, in making a new division of the city into wards.

St. 1914, c. 630, is as follows:

"Section 1. The city council of the city of Boston shall, before the first day of January in the year nineteen hundred and fifteen, make a new division of the territory of the city of Boston into not less than twenty-four nor more than thirty-six wards. The boundaries of the wards shall so be arranged that the wards shall contain, as nearly as can be ascertained and as may be consistent with well-defined limits to each ward, an equal number of voters.   The city clerk shall forthwith give notice in writing to the secretary of the commonwealth of the number and designations of the wards so established.

"Section 2. For all elections held prior to the annual State primary and State election in the year nineteen hundred and sixteen, and for the assessment of taxes for the year nineteen hundred and fifteen, the wards, as existing previous to such re-division, shall continue, and for the said purposes the election officers shall be appointed and hold office, and voting lists shall be

prepared and all other things required by law shall be done as if no such re-division had been made. For all other purposes the re-division shall take effect on the first day of January in the year nineteen hundred and fifteen.

"Section 3. This act shall take effect upon its passage."

Section 4 of the charter of the city of Boston, St. 1909, c. 486, is as follows:

"Every appropriation, ordinance, order, resolution and vote of the city council, except votes relating to its own internal affairs, shall be presented to the mayor, who shall make or cause to be made a written record of the time and place of presentation, and it shall be in force if he approves the same within fifteen days after it shall have been presented to him, or if the same is not returned by him with his objections thereto in writing within said period of fifteen days. If within said period said appropriation, ordinance, order, resolution, or vote is returned by the mayor to the city council by filing the same with the city clerk with his objections thereto the same shall be void. If the same involves the expenditure of money, the mayor may approve some of the items in whole or in part and disapprove other of the items in whole or in part; and such items or parts of items as he approves shall be in force, and such items or parts of items as he disapproves shall be void."

The petitioner alleged, and the answers admitted, that the mayor, upon the order of the council being presented to him, had refused to act upon it, stating that the order did not require his approval and was not subject to his veto.

The petitioner also alleged that the boundaries of the wards were not so arranged "that the wards shall contain, as nearly as can be ascertained and as may be consistent with well defined limits to each ward, an equal number of voters."

The petition was heard by *De Courcy*, J., who reported it for determination by the full court.

*H. D. Crowley*, (*D. J. Kiley* with him,) for the petitioner.

*J. A. Sullivan*, (*G. A. Flynn* with him,) for the mayor of Boston.

*J. T. Hughes*, for the city council of Boston.

Rugg, C. J. The General Court declared in 1914 that there should be a new division of the territory of the city of Boston into wards. It might have made the division itself. That was a

legislative matter within its constitutional powers. But it decided to impose that duty upon the members of the city council of the city of Boston. In substance it constituted them its committee and delegated to them its authority to this end. The delegation of this power was coupled with the positive command that the division must be completed before January 1, 1915, and that the number of wards should be not less than twenty-four nor more than thirty-six, and was made subject to the further somewhat general mandate that the boundaries were to be so arranged that the wards should contain, as nearly as could be ascertained and as might be consistent with well defined limits to each ward, an equal number of voters. The city clerk was required to report the decision of the city council to the Secretary of the Commonwealth forthwith. That decision was to become operative on January 1, 1915, without approval or confirmation by the Legislature or by any other body or tribunal. St. 1914, c. 630.

The members of the city council of Boston seasonably performed the duty delegated to them. The petitioner asks to have the division of the city into wards thus made declared void by a writ of certiorari.

It cannot be questioned that the Legislature might require the division of a city into wards to be done by persons not of its own membership. Any appropriate existing board of public officers might be selected for the purpose. Such has been the policy in this Commonwealth for many years, as shown by numerous statutes.

The essential character of the establishment of the municipal subdivisions of cities known as wards, when undertaken either by the Legislature itself or through deputies named by it, is political and not judicial. It is an administrative aspect of a legislative function which under our plan of government may be conferred upon subordinate officers. But the nature of the act is not changed by its being performed through a delegated instrumentality selected by the Legislature rather than by the Legislature itself.

The determination of the number of wards between the limits named in this statute and the division of the territory of the city into that number of wards, having regard to the natural configuration wrought by the harbor, inlets of the sea and rivers, and

other well defined boundaries, so as to contain within reasonable limits of variation an equal number of voters, is not a judicial act. It demands a careful study of local conditions and the exercise of sound judgment. But it is administrative or political, not judicial or *quasi* judicial in character. The discretion of the city council in performing such a duty is not subject to review by this court upon a writ of certiorari. That process is available only for the purpose of examining and correcting the errors of law manifest upon the record of some tribunal in its performance of judicature, and to restrain the excesses of jurisdiction of inferior courts or officers acting judicially. *Locke* v. *Lexington,* 122 Mass. 290. *Attorney General* v. *Mayor & Aldermen of Northampton,* 143 Mass. 589. *Devlin* v. *Dalton,* 171 Mass. 338. *Flanders* v. *Roberts,* 182 Mass. 524, 529.

The matters complained of in this petition do not fall under this classification. They relate to discretionary administrative details of political or legislative departments of government. See *Pacific States Telephone & Telegraph Co.* v. *Oregon,* 223 U. S. 118; *Christlieb* v. *County of Hennepin,* 41 Minn. 142; *Moede* v. *County of Stearns,* 43 Minn. 312; *State* v. *Clough,* 64 Minn. 378. The case at bar plainly is distinguishable from *Kingman, petitioner,* 153 Mass. 566, and like decisions.

It follows that the petition must be dismissed because it seeks to have reviewed matters not justiciable upon a writ of certiorari.

It becomes unnecessary to determine whether the petitioner would have a right to bring a petition for such a writ if it were an appropriate remedy.

*Petition dismissed.*