ALICE WRIGHT *vs.* JOHN B. LYONS.

Suffolk.   March 9, 1916. — May 18, 1916.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Garage.   License.   Equity Jurisdiction,* To enjoin private nuisance.   *Joint Tenants and Tenants in Common.   Notice.   Boston,* Street commissioners.

Under St. 1913, c. 577, as amended by St. 1914, c. 119, regulating the erection and maintenance of garages in the city of Boston, which requires that a petition to the board of street commissioners for a permit to erect and maintain a garage shall "contain the names and addresses of every owner of record of each parcel of land abutting thereon," and that before the license is granted notice shall be given by registered mail "to every owner of record of each parcel of land abutting on the parcel" of land on which the building is sought to be erected, such a notice must be mailed to each one of a number of tenants in common owning an abutting parcel of land.

The giving of the notice required by St. 1913, c. 577, as amended by St. 1914, c. 119, is a prerequisite to the jurisdiction of the board of street commissioners of Boston to grant a permit to erect and maintain a garage in that city so far as the rights of those entitled to notice are affected.

A suit in equity may be maintained to enjoin the erection and maintenance of a garage in the city of Boston on land adjoining that of the plaintiff without lawful authority under St. 1913, c. 577, as amended by St. 1914, c. 119, upon showing special damage suffered by the plaintiff by reason of noise, confusion, noisome odors and the storing of large quantities of inflammable and explosive material, although by the acts complained of a public nuisance also was created.

RUGG, C. J.   This is a suit in equity to restrain the defendant from erecting a garage in Boston. The bill alleges that the plaintiff, a resident of Boston, with her two sisters, who live outside the Commonwealth, are owners as tenants in common of premises abutting upon those of the defendant on Warrington Street in Boston; that in July, 1915, the defendant filed a petition with the street commissioners of Boston for a permit to erect a public garage and for a license to keep, store and sell five hundred gallons

of gasoline in an underground tank upon his estate, upon which petition the defendant was ordered to give notice by publication and by sending "by prepaid registered mail a copy to every owner of record of each parcel of land abutting on the parcel of land on which" the defendant proposed to erect and maintain his garage; that no notice was given to the plaintiff, who did not know of the publication of the notice, and that she never has had an opportunity to object to the granting of the license, and that the erection of the garage on the defendant's premises and the exercise of the rights conferred by the license constitute a nuisance to the plaintiff's property and depreciate its value by reason of being a source of much noise, confusion and distasteful odors. The defendant's demurrer to the bill was sustained; and the plaintiff's appeal from the final decree * dismissing the bill brings the case here.

The act under which the street commissioners undertook to proceed is St. 1913, c. 577, regulating the erection and maintenance of garages in the city of Boston, as amended by St. 1914, c. 119. The statute requires a petition for a permit, such as that averred by the plaintiff's bill to have been asked for by the defendant, to "contain the names and addresses of every owner of record of each parcel of land abutting thereon," and that before the license is granted notice shall be given by registered mail "to every owner of record of each parcel of land abutting on the parcel" on which the building is sought to be erected.

The words of the statute make it mandatory that where there are tenants in common of an abutting estate, each one must be notified. Only by giving them this meaning can effect be given to all the words used. It is the natural as well as the accurate signification of the language employed. Otherwise, as illustrated by the averments of the present bill, the only one of several owners in common in a position to be present at a hearing may have no knowledge whatever of the proceeding until after the permit has been granted.

This defect in the service of the order goes to the jurisdiction of the board of street commissioners, so far as concerns the plaintiff. No order can be passed affecting the rights intended to be secured to the plaintiff, as one of the owners of record of an abut-

---

* Made by *Wait*, J.

ting parcel of land, without notice to her in the manner required by the statute or otherwise acquiring jurisdiction by proper service upon her. *Lawrence* v. *Smith*, 201 Mass. 214. *Simon* v. *Southern Railway*, 236 U. S. 115, 122. The general notice by publication manifestly is not intended to affect her in view of the fact that another provision requires notice to her by registered mail.

The facts set out in the plaintiff's bill show a special damage to her. Even though a public nuisance is created, one suffering special damage may have a private remedy. *Wesson* v. *Washburn Iron Co.* 13 Allen, 95, 102 to 104. The noise, confusion and noisome odors and the storing of large quantities of inflammable and explosive material might be found to constitute a private nuisance, *Commonwealth* v. *Kidder*, 107 Mass. 188, 192, *Riverbank Improvement Co.* v. *Bancroft*, 209 Mass. 217, 223, *Storer* v. *Downey*, 215 Mass. 273, and to entitle her to relief in equity. *Stevens* v. *Rockport Granite Co.* 216 Mass. 486, and cases there collected. The case at bar is quite distinguishable from cases like *Henry* v. *Newburyport*, 149 Mass. 582, and *Shaw* v. *Boston & Albany Railroad*, 159 Mass. 597, for reasons set forth at length in *Wesson* v. *Washburn Iron Co.* 13 Allen, 95.

*Decree reversed.*

*J. H. Kenney*, for the plaintiff.
*J. H. Devlin, Jr.*, for the defendant.