HARRY MARCUS & another *vs.* BOARD OF STREET
COMMISSIONERS OF BOSTON.

Suffolk.   December 3, 1924. — May 21, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Certiorari.   Jurisdiction.   Street Commissioners.   Garage.   Notice.   Laches. Words, "Owner."*

While the return, upon a writ of certiorari, by an inferior tribunal not proceeding according to the common law is "conclusive as to all matters of fact, within their jurisdiction, passed upon by them," it is not conclusive as to its own jurisdiction, but the petitioner for the writ may attack that jurisdiction and may, if necessary, introduce evidence in support of his contention; and want of such jurisdiction may be corrected on such petition by the issuance of the writ quashing the proceedings so attacked.

The word "owner" in § 1 of St. 1913, c. 577, as amended by St. 1914, c. 119, includes all tenants in common, and the board of street commissioners of Boston has no jurisdiction to grant a permit under that statute if the application is made by one alone of two owners in common of the real estate upon which the building for which the permit is sought is to be erected.

Proceedings of the board of street commissioners of Boston under St. 1913, c. 577, § 1, may be examined upon a writ of certiorari.

Facts stated in the return by the board of street commissioners of Boston in proceedings of the character above described, which relate to their conduct of a hearing upon the application for a permit, are conclusive, and at the hearing of the petition for a writ of certiorari it is proper to exclude evidence offered by the petitioner relating to such facts.

*Whether* laches ever can be a defence for a writ of certiorari wherein an inferior tribunal, whose proceedings are sought to be reviewed, had no jurisdiction, was not determined, the facts in the present case not disclosing laches.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on August 30, 1924, and afterwards amended, seeking a writ of certiorari directed to the board of street commissioners of the city of Boston in connection with the proceedings relating to the issuance of a permit to one Samuel W. Flax to keep, store and sell two thousand gallons of gasoline and also a permit to erect and maintain a public garage at 59–75 Queensbury Street in Boston, including a transcript of the testimony of all witnesses taken before the respondents at the time of said hearing and all records and things and the evidence before them touching the same, and praying that the "said proceedings and permit may be quashed."

The petition was heard by *Carroll,* J. Material evidence and findings by the single justice are described in the opinion. The single justice "ruled that, as Flax was not the sole owner of the premises, in connection with which he had made the application for the license and permit, the proceedings before the street commissioners were invalid, the license and permit void, and that the writ should issue as prayed for by the petitioners," and reported the petition to the full court for determination.

*F. M. Carroll,* for the petitioners.

*L. Schwartz,* Assistant Corporation Counsel, for the respondents.

*R. E. Joslin,* for Queensbury Realty Company, intervening petitioner.

RUGG, C.J. This is a petition for a writ of certiorari, brought by owners of land abutting upon the land with respect to which the permit was granted, to quash proceedings resulting in a permit to erect a garage upon the designated land. One of the grounds set forth in the petition for certiorari is that the application for the permit was signed by one Flax alone, while the title to the land stood in the names of Flax and one Norris, and that the statute required

the application to be made by the owner, and that hence the granting of the permit on that application was in law unwarranted and ought to be quashed.   The return of the respondents shows that the application was signed by Flax alone, wherein he was described as owner, and that the permit issued on that application.   The return did not allege any facts extrinsic to the record and hence the respondent offered no evidence.   When the case came on to be heard, evidence offered by the petitioners was received, subject to exception, to the effect that Flax was not the sole owner of the premises in question at the time of the application, but that the records showed that Flax and Norris were tenants in common, each being equal owners.

The accurate statement of the force and effect of the return of respondents in a petition for a writ of certiorari is that it is "conclusive as to all matters of fact, within their jurisdiction, passed upon by them."   *Tewksbury* v. *County Commissioners*, 117 Mass. 563, 565.   Reference to jurisdiction as an essential element of the conclusiveness of the return is found in other judgments.   See, for example, *New York Central & Hudson River Railroad* v. *County Commissioners*, 220 Mass. 569, 573; *Byfield* v. *Newton*, 247 Mass. 46, 53.   The point before the court in other decisions has not required reference to jurisdiction.   In the leading case of *Farmington River Water Power Co.* v. *County Commissioners*, 112 Mass. 206, 214, it was said by Chief Justice Gray, " . . . whenever the case was within the jurisdiction of the inferior tribunal, the petitioner for a writ of certiorari cannot be permitted to introduce evidence to contradict or vary its statement, in its record or return, of its proceedings and decision."   The inevitable implication of these statements is that a petitioner may attack the jurisdiction of the inferior tribunal and may, if necessary, introduce evidence in support of his contention. The rule as stated in *Ward* v. *Aldermen of Newton*, 181 Mass. 432, is subject to this necessary limitation when the case presents a question of jurisdiction.

The jurisdiction of an inferior tribunal not proceeding according to the common law may be the subject of inquiry in certiorari.   On reason this must be so, otherwise there

could be no direct relief against a decision committed in excess of jurisdiction, because there is commonly no appeal from the decision of such tribunal and wrong would go unredressed. Its decision that it has jurisdiction cannot be final. Although there is considerable diversity of practice respecting certiorari in the several States, there seems to be a general consensus in the view that want of jurisdiction may be corrected by that writ. *People* v. *Walter*, 68 N. Y. 403, 411, 412. *Borgnis* v. *Falk Co.* 147 Wis. 327, 359. *Jackson* v. *People*, 9 Mich. 111, 120. *Tinn* v. *United States District Attorney*, 148 Cal. 773.

The question is somewhat analogous to that arising under the requirement of art. 4, § 1, of the Constitution of the United States, that each State shall give full faith and credit of the judgments of the courts of a sister State, where it is held that the jurisdiction of the court of the sister State to render the judgment is always open to inquiry. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow*, 203 Mass. 159, 206 to 220, affirmed in *Bigelow* v. *Old Dominion Copper Mining & Smelting Co.* 225 U. S. 111, and cases there collected.

The application was made and the permit was granted under the provisions of St. 1913, c. 577, § 1, as amended by St. 1914, c. 119. It there is provided that "The application for the permit shall be made by the owner of the parcel of land upon which such building is to be erected or maintained." The word "owner" has different significations dependent upon the context in which it occurs, upon the subject to which it refers, and upon the end to be accomplished. See, for example, *Kilduff* v. *Boston Elevated Railway*, 247 Mass. 453, and cases there collected. In its natural meaning it comprehends all those who have proprietorship in designated property and includes all tenants in common. It has been given that meaning in § 2 of said c. 577 in the requirement that notice of the application be given "to every owner of record" of parcels of abutting land. *Wright* v. *Lyons*, 224 Mass. 167. *Foss* v. *Wexler*, 242 Mass. 277, 281. The same word occurring twice or more in the same statute or instrument commonly is used with the same meaning and

scope. *Hall* v. *Hall*, 209 Mass. 350, 353. *Attorney General* v. *Armstrong*, 231 Mass. 196, 211. *Raymer* v. *Tax Commissioner*, 239 Mass. 410. *Eustace* v. *Dickey*, 240 Mass. 55, 76. *Commissioner of Banks in re Prudential Trust Co.* 244 Mass. 64, 71. It follows that the word "owner" in § 1 of said c. 577, includes all tenants in common.

The application was not in compliance with the statute because it contained the name of only one of the tenants in common. This defect in the application "goes to the jurisdiction of the board of street commissioners." *Wright* v. *Lyons*, 224 Mass. 167, 168. *Cheney* v. *Coughlin*, 201 Mass. 204, 209. It is not a mere technical error. The erection of a garage upon real estate is a devotion of the land covered by it and the necessary approaches to a peculiar use. It ought not to be allowed commonly except by the assent of all tenants in common. The permit is in one aspect a grant which "attaches to the land when exercised, runs with the land and passes as an incident upon a conveyance of the land." *Hanley* v. *Cook*, 245 Mass. 563, 565.

The functions reposed in the board of street commissioners by the statute are *quasi* judicial in their nature and not purely executive or administrative. They require a hearing and the exercise of sound and impartial judgment with respect to conflicting contentions touching private rights and interests. It is a kind of decision which may be examined by certiorari. *General Baking Co.* v. *Street Commissioners*, 242 Mass. 194. The case at bar on this point is distinguishable from *Locke* v. *Selectmen of Lexington*, 122 Mass. 290, and *Fitzgerald* v. *Mayor of Boston*, 220 Mass. 503, where only political or ministerial conduct was involved.

Evidence rightly was excluded to contradict facts set forth in the return as to the conduct of the hearing. That was a matter on which the return must be accepted as true. *Byfield* v. *Newton*, 247 Mass. 46, 53, and cases there collected.

The Queensbury Realty Company, which was permitted to argue, has urged that the laches of the petitioners ought to preclude any relief. It is alleged in the petition that Flax did not exercise the right purporting to be given by the permit, but conveyed the real estate to the Queensbury Realty

Company on July 17, 1924, and that the petitioners had no knowledge of the granting of the permit until August 5. The petition was filed on August 30. There is nothing in the record to show the extent to which the permit has been exercised. It is not necessary to decide whether laches can ever be a defence to a petition for a writ of certiorari where the inferior tribunal had no jurisdiction. The circumstances here disclosed do not constitute laches.

The ruling of the single justice was right to the effect that the license and permit were void.

*Writ to issue.*