UNION INSTITUTION FOR SAVINGS IN THE CITY OF BOSTON *vs.* CITY OF BOSTON.

Suffolk. March 29, 1916. — May 19, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & PIERCE, JJ.

*Boston,* Street commissioners. *Street Commissioners. License. Nuisance. Contract,* What constitutes. *Way,* Public: license to use for private purpose.

A permit granted by the board of street commissioners of the city of Boston under St. 1913, c. 680, to erect and maintain a post with a clock thereon set in the sidewalk of a public street of that city, without limitation as to time and without express reservation of a power to revoke the permit, is a revocable license, and the right granted does not become a contract by the erection of a post and clock in accordance with its terms.

In this Commonwealth a right granted to a private person to use a public street for a private purpose is a mere license revocable at pleasure.

BILL IN EQUITY, filed in the Superior Court on September 24, 1915, praying that the city of Boston and its board of street commissioners might be enjoined from removing a post and a clock thereon set in the public sidewalk on Tremont Street in Boston at the corner of Lagrange Street upon land of which the plaintiff owned the fee, the plaintiff maintaining such post and clock under a permit granted by the board of street commissioners on January 14, 1914.

In the Superior Court the case was submitted upon an agreed

statement of facts to *McLaughlin,* J., who made an order for the issuing of the injunction and at the request of the parties reported the case for determination by this court.

*H. V. Cunningham,* for the plaintiff.

*J. P. Lyons,* for the defendant.

PIERCE, J. The contention of the plaintiff, that it has an irrevocable franchise to occupy a portion of the public highway because the permit to erect a post with a clock thereon was granted without limit as to time and without reservation in the board of a power to revoke, cannot be sustained.

The board derived its entire authority from St. 1913, c. 680. While this statute authorized the board as agents of the Commonwealth to grant permits to occupy the public ways for the purposes enumerated and to adopt rules and regulations governing the use of the same, it did not purport to empower the board to surrender its control and supervision of public highways for an indefinite period of time, and the absence therefrom of express authority is equivalent to the denial of the right.

The further contention that "The erection of the clock under this permit constituted a contract which cannot be impaired, as well as a vested property right which cannot be taken from the plaintiff, except by the power of eminent domain," necessarily assumes that the board, as agents of the Commonwealth, by necessary implication is authorized by the statute to contract to give up and to surrender its and the Commonwealth's control of the full use of public highways. That such authority is not implied as necessary to the proper exercise of the power conferred is obvious. McQuillin, Mun. Corp. § 1319, and cases cited. The right granted is not a franchise or a contract, but is a license which legalizes that form of obstruction in a public highway which otherwise would constitute a nuisance. *Cushing* v. *Boston,* 128 Mass. 330. *Sawyer* v. *Davis,* 136 Mass. 239.

However it may be in other States, it is plain that in this Commonwealth the right granted to a private person to use the streets for private purposes is but a mere license, revocable at pleasure of the grantor. McQuillin, Mun. Corp. § 1319. *Forbes* v. *Detroit,* 139 Mich. 280.

The cases which deal with police regulation of the use of private property are distinguishable and furnish no support to the

plaintiff's contention.   See *Lowell* v̇. *Archambault,* 189 Mass. 70; *Worcester Board of Health* v. *Tupper,* 210 Mass. 378.

It follows upon the terms of the report that the bill must be dismissed.

*Decree accordingly.*