GENERAL BAKING COMPANY *vs.* STREET COMMISSIONERS
OF BOSTON.

Suffolk.    March 27, 1922. — June 29, 1922.

· Present: RUGG, C.J., BRALEY, DECOURCY, & JENNEY, JJ.

*Garage.  Boston,* Street commissioners.  *License,* Revocation.  *Constitutional Law,* Police power.

St. 1913, c. 577, as amended by St. 1914, c. 119, providing that in Boston no building shall be erected for or maintained as a garage "until the issue of a permit therefor by the board of street commissioners of the city after notice and a public hearing upon an application filed with said board," is a valid exercise of police power.

The taking away of a permit once granted to make valuable and expensive improvements upon land, without a hearing and without the statement of any grounds and after expenditures have been made for improvements in accordance with the permit, in the absence of express statutory authority transcends the power of local boards.

Since St. 1913, c. 577, as amended by St. 1914, c. 119, contains no provision giving to the street commissioners of the city of Boston power to revoke a permit for the erection and maintenance of a garage granted under its terms, the board has no power to revoke such a permit without a hearing and without a statement of any grounds, where no condition upon which it was issued has been violated and expenditures have been made for improvements in accordance with its provisions.

In a petition for a writ of certiorari to quash proceedings of the street commissioners of the city of Boston revoking without notice or hearing a permit for the erection and maintenance of a garage granted under St. 1913, c. 577, as amended by St. 1914, c. 119, the record presented merely a case of a bald revocation of the permit without notice or hearing almost three months after it was granted, and, in affirming a ruling of a single justice that the board had no power thus to revoke the permit, it *was stated* that it was not necessary to decide whether there is power in the board to cancel such a permit before any expenditure has been made under it.

PETITION, filed in the Supreme Judicial Court on December 22, 1921, for a writ of certiorari directing the board of street commissioners of Boston to certify to the court their proceedings relating to the revocation of a license granted by them to the petitioner to erect and maintain a garage at Tremont, Edgeworth and Ferrin streets in Boston "on the condition of the strict compliance with the laws of the State and the regulations of the State Fire Marshal;" and that such revocation be quashed.

The case was heard by *Crosby*, J. No contention was made that the petitioner had violated the laws of the State or the regulations of the fire marshal. The single justice ruled that the respondents did not have power or authority to revoke the license; and the respondents alleged exceptions.

*J. P. Lyons*, for the respondents.

*J. A. Sullivan*, for the petitioner.

RUGG, C.J. It was provided by St. 1913, c. 577, as amended by St. 1914, c. 119, that in Boston no building shall be erected for or maintained as a garage "until the issue of a permit therefor by the board of street commissioners of the city after notice and a public hearing upon an application filed with said board." There are specifications as to the application for permit, notice of the hearing, and the considerations which must be taken into account by the board before determining whether permit shall be issued.

The statute is a valid exercise of police power. *Storer* v. *Downey*, 215 Mass. 273. *Wright* v. *Lyons*, 224 Mass. 167. *Pierce Oil Corp.* v. *Hope*, 248 U. S. 498.

The plaintiff made application and after due proceedings was granted a permit on September 27, 1921, to erect, maintain and conduct a garage at a designated location. All this was in accordance with the statutes. Thereafter the board on December 19, 1921, without notice or hearing revoked the permit. No contention is

made that the petitioner has violated the laws of the State or the regulations of the State fire marshal. St. 1914, c. 795.

The single point presented is the exception to the ruling that the board had no power thus to revoke the permit. No question as to form of procedure or of remedy has been raised.

There is no provision in the statute authorizing the board to revoke a permit once granted. This is of some significance in view of the large number of instances to be found in our statute where the power to revoke is conferred in express terms. See, for example, numerous sections of G. L. c. 140 relating to "Licenses." See, also, G. L. c. 101, §§ 3, 30; c. 111, §§ 61, 143, 152, 153, 158; c. 112, §§ 2, 18, 28, 40, 55, 61, 71, 74; c. 130, §§ 89, 105, 121, 132, 139; c. 131, §§ 14, 40, 84, 87.

This is not a permit respecting a pure personal privilege, nor is it dependent in its nature upon governmental permission, where there may be revocation for sufficient legal reason even in the absence of express power to revoke. *Union Institution for Savings* v. *Boston,* 224 Mass. 286. *Burgess* v. *Mayor & Aldermen of Brockton,* 235 Mass. 95. *People* v. *Department of Health of New York,* 189 N. Y. 187.

The statute under which this permit was issued is a regulation of the right of ownership of land. The erection and use of buildings for innocuous purposes cannot ordinarily be left to the untrammeled and unregulated discretion of local officers. *Winthrop* v. *New England Chocolate Co.* 180 Mass. 464. *Goldstein* v. *Conner,* 212 Mass. 57. *Kilgour* v. *Gratto,* 224 Mass. 78. See *Foss* v. *Wexler, post,* 277. By analogy of reasoning the taking away of a permit once granted to make valuable and expensive improvements upon land, without hearing and without the statement of any grounds, in the absence of express statutory authority transcends the power of local boards. The building of a garage, when there is no restrictive statute, is a lawful improvement of land. When limitation upon that right is imposed, it is reasonable to presume a purpose by the Legislature that the landowner be furnished by the terms of the law with necessary information touching all the restrictions under which he must act. When permission is obtained, the landowner reasonably may infer that, so long as he complies with the requirements under which the privilege has been granted, he may claim protection until further legislation impairs

his rights. It follows that a permit of this nature lawfully granted and acted upon by the landowner cannot be revoked. *Lowell* v. *Archambault,* 189 Mass. 70, 72. *Call* v. *Allen,* 1 Allen, 137. *Murtha* v. *Lovewell,* 166 Mass. 391. *Dobbins* v. *Los Angeles,* 195 U. S. 223. *Lantz* v. *Hightstown,* 17 Vroom, 102. *Buffalo* v. *Chadeayne,* 134 N. Y. 163. See *People* v. *Department of Health of New York,* 226 N. Y. 209.

It is not necessary to decide whether there is power in the board to cancel such a permit before any expenditures had been made under it. If there had been notice and hearing before the revocation and it had appeared and been found and made a part of the record of the board that the licensee had not acted upon the strength of the permit in any way, and had incurred no expense thereunder, precisely the same question would not be presented. The record of the board does not show that situation. All that appears is a bald revocation of the permit without notice or hearing almost three months after it was granted. Under the statutes and circumstances here disclosed, the board did not possess that authority.

*Exceptions overruled.*