WILLIAM A. McPHERSON vs. BOARD OF STREET COMMIS-
SIONERS OF THE CITY OF BOSTON.

Suffolk.   November 11, December 11, 1924. — January 28, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, & WAIT, JJ.

*Garage.   Boston, Street commissioners.   License, Revocation.*

Since St. 1913, c. 577, as amended by St. 1914, c. 119, contains no provision
giving to the street commissioners of the city of Boston power to re-
voke a permit for the erection and maintenance of a garage granted
under its terms, the board has no power to revoke such a permit without
a hearing and without a statement of any grounds, where no condition
upon which it was issued has been violated and expenditures have been
made for improvements in accordance with its provisions.   Following
*General Baking Co.* v. *Street Commissioners of Boston,* 242 Mass. 194.

The mere fact that a license to erect, maintain and conduct a public garage,
issued by the board of street commissioners of the city of Boston under
the statutes above described, contains at its top the words, "This
License must be approved by the Building Commissioner," does not
make compliance with that notice a condition precedent to the validity
of the permit.

The duty placed upon the board of street commissioners of the city of
Boston by St. 1913, c. 577, as amended by St. 1914, c. 119, cannot be
delegated by the board; nor can the board make the decision or approval
of another person or body a condition of its own determination.

The fact that, in a vote revoking the license above described without
notice and without a hearing, the board recited that "the action of the
board was under a misunderstanding," where the records of the board
did not show anything in support of such an assertion, could not pre-
vent the issuance of a writ of certiorari quashing the order of revocation.

*Whether,* in any circumstances, a misunderstanding by the board of street
commissioners of the city of Boston causing the granting of a permit to
erect, maintain and conduct a public garage under St. 1913, c. 577, as
amended by St. 1914, c. 119, would justify a revocation of the permit
without notice and without a hearing, was not considered.

A landowner applied to the board of street commissioners of the city of
Boston in a single document for a permit to erect a public garage and
for a license "to keep, store gasoline 500 gallons in tank" at a certain
location in the city.   The board issued separate licenses, one granting
permission "to erect, maintain, conduct a Public Garage at" the desig-
nated location, and the other granting a license "for the keeping —
storage — sale of gasoline 500 Gallons in tanks" at the location.   Later
without notice or a hearing, the board issued an order that "the permit
for a public garage and 500 gallons of gasoline at" the location "is
hereby revoked, and the permit ordered surrendered, . . . ."   The

licensee petitioned for a writ of certiorari quashing the order for the revocation of the license "to erect, maintain, conduct a Public Garage." In ordering the issuance of the writ, this court *stated* that, the petition being confined to the revocation of the permit to erect, maintain and conduct a public garage, it was not necessary to consider a contention of the respondents that the license as to gasoline was void because the building in which it was to be exercised was not in existence when the application was allowed.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on May 8, 1924, for a writ of certiorari quashing the action of the respondent board revoking a permit issued to the petitioner "to erect, maintain, conduct a Public Garage" at 3208 Washington Street in that part of Boston called Jamaica Plain.

The permit, copy of which was annexed to the petition, was as follows:

THIS LICENSE MUST BE APPROVED BY THE BUILDING
COMMISSIONER
GARAGE — PUBLIC GARAGE

Fee $100.00                                          7007

City of Boston.

In Board of Street Commissioners, Nov. 6, 1923.

This is to certify that a license has this day been granted to Wm. A. McPherson to erect, maintain, conduct a Public Garage at No. 3208 Washington St., Ward 22.

This license is granted on the condition of a strict compliance with the laws of the State and the regulations of the State Fire Marshal. (Chapter 795, Acts of 1914.)

JOHN H. L. NOYES,
JOHN J. O'CALLAGHAN,
CHAS. T. HARDING,
Street Commissioners.

Approved:

Building Commissioner.

The order of revocation, copy of which was annexed to the petition, was as follows:

City of Boston

In Board of Street Commissioners, November 13, 1923.

Voted: That the permit for a public garage and 500 gallons of gasoline at 3208 Washington Street, Ward 22, granted

by this board and approved by the mayor, is hereby revoked, and the permit ordered surrendered, as the action of the board was under a misunderstanding. John H. L. Noyes John J. O'Callaghan Chas. T. Harding Street Commissioners.

Approved Nov 13 1923 James M. Curley Mayor of Boston, Mass.

Except in the copy of the order of revocation, the petition contained no mention of the license to store gasoline, and the petitioner sought no relief as to that portion of the order of revocation.

The respondents answered, setting forth their proceedings with regard to the application, the permit and the revocation. From their records, it appeared that the petitioner in a single application to the respondents petitioned "for a permit to erect a — public — Garage, and for a license to keep, store gasoline 500 gallons in tank underground and in tanks of cars in the building or structure 3208 Washington St., Jamaica Plain in the City of Boston for one year from date;" that the hearing was on the petition as one petition, and that two separate documents were issued to the petitioner, one certifying that a "license" had "been granted" to the petitioner "to erect, maintain, conduct a Public Garage" at the location specified in his petition, and the other certifying "that a license" had "been granted" to the petitioner "for the keeping — storage — sale of gasoline 500 Gallons in tanks in the Building or Structure at" the location specified.

The petitioner averred that the revocation complained of was without previous notice to him or his being given an opportunity for a hearing. The proceedings certified by the respondents contained no record of a notice to the petitioner or an opportunity given him for a hearing previous to the revocation.

The petition was heard by *Carroll*, J., who filed a report as follows: " The permit was granted on November 6, 1923. There was no law, called to my attention, prohibiting the granting of the permit. After the permit was granted the petitioner made a contract with one Stevens an architect to draw plans and specifications for a garage, the architect to be

paid three per cent of the cost of construction, he had practically completed the plans and specifications on November 19, when the license or permit was revoked. I ruled that the revocation was invalid under *General Baking Company* v. *Street Commissioners of City of Boston,* 242 Mass. 194. I ordered the writ to issue and now report the case for the determination of the full court."

*J. P. Lyons,* Assistant Corporation Counsel, for the respondents.

*J. H. Duffy,* (*W. J. Drew* with him,) for the petitioner.

WAIT, J. This case is governed by the law laid down in *General Baking Co.* v. *Street Commissioners of Boston,* 242 Mass. 194, and in *Lowell* v. *Archambault,* 189 Mass. 70.

The defendants have sought to distinguish it, by urging that the permit granted to erect, maintain and conduct a public garage on the premises was made conditional on approval by the building commissioner, and that such approval had not been obtained before the attempted revocation. The permit bore the words, " This License must be approved by the Building Commissioner "; but compliance with the notice does not constitute a condition precedent to the validity of the permit. It is true that the owner must comply with all requirements of the law, and that this may necessitate obtaining other and further licenses, permits or approval from other boards or officials; but the permit which he must obtain from the board of street commissioners is distinct from them, and the decision, whether to grant or to withhold it, is based upon other and different considerations from those which govern their issue.

St. 1913, c. 577, as amended by St. 1914, c. 119, which requires owners of premises on which they wish to build garages to obtain permits and empowers the board of street commissioners to grant or withhold them, provides that " said board shall hear all parties interested, and after giving consideration to the interests of all owners of record notified, and the general character of the neighborhood in which is situated the land or building referred to in the application, shall determine whether or not the application shall be granted and a permit issued." This duty the board cannot

delegate; nor can it make the decision or approval of any other a condition of its own determination. *Commonwealth* v. *Staples*, 191 Mass. 384. *Commonwealth* v. *Maletsky*, 203 Mass. 241. *Brown* v. *Newburyport*, 209 Mass. 259.

The vote of revocation recites that " the action of the board was under a misunderstanding "; but the record before us fails to show anything in support of this assertion. Whether in any circumstances a misunderstanding would justify a revocation we do not consider.

The petition is confined to the revocation of the permit to erect, maintain and conduct a public garage, and does not concern the license to store gasoline which was also granted and revoked. It is, therefore, not necessary to consider the contention of the respondents that the gasoline license was void, under *Cheney* v. *Coughlin*, 201 Mass. 204, because the building in which it was to be exercised was not in existence when the application was allowed.

The justice who heard the petition was right in ruling that the revocation was invalid; and his order must be affirmed.

*Writ of certiorari to issue.*