Audia v. City of Chicago, 236 Ill. App. 613.

# Sam Audia, Appellee, v. City of Chicago et al., Appellants.

## Gen. No. 29,346.

1. INJUNCTIONS—*when bill to enjoin officers of city from revoking license not demurrable.* The officials of the City of Chicago have no power, by virtue of the ordinances authorizing them to revoke licenses, to revoke, arbitrarily, the license of one engaged in the shoe repairing business on the ground that the police had found a bottle of intoxicating liquor in his living room adjoining his business place, where he denied ownership of the liquor and any knowledge of how or when the liquor came to be there and he had not been convicted of any offense in connection with it, and his bill of complaint setting forth such facts and seeking to enjoin such officials from revoking his license and compelling him to cease the conduct of his business was not demurrable.

2. INJUNCTIONS—*inadequacy of legal remedy for revocation of license by city officers.* Where complainant alleged that he had been conducting his shoe repairing business in the same locality for a number of years and had acquired a good will and a trade that was profitable which would be wholly destroyed if the city revoked his license, as it threatened to do on the ground that intoxicating liquor had been found in his premises, it would be difficult if not impossible to ascertain the damages which would result from such revocation and his bill seeking to enjoin such revocation made out a cause for equitable relief where it alleged his innocence of the charge and, for the purposes of the case, such innocence was admitted by defendants' demurrer.

Appeal by defendants from the Circuit Court of Cook county; the Hon. FRANCIS S. WILSON, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1924. Affirmed. Opinion filed April 29, 1925. Rehearing denied May 13, 1925. *Certiorari* denied by Supreme Court (making opinion final).

FRANCIS X. BUSCH, Corporation Counsel, FRANCIS J. VURPILLAT and ALBERT H. VEEDER, Ass't Corporation Counsels, for appellants; FRANCIS J. VURPILLAT, of counsel.

No appearance for appellee.

MR. JUSTICE THOMSON delivered the opinion of the court.

The complainant, Audia, filed his bill in equity in the circuit court of Cook county, alleging that on December 27, 1923, he had been conducting the business of cobbling and repairing shoes and boots at 1136 W. 63rd street, and in that immediate neighborhood, in the City of Chicago, for a number of years; that he had a valuable lease at the above location which would not expire until June 20, 1924; that he conducted his business in the front part of those premises and lived in three rooms located in the rear; that the front part was equipped with fixtures and machinery to the value of $300; that he had developed a large and valuable good will for his business, which was worth at least $5,000; that he was operating his business and conducting a cobbling and shoe repairing shop under and by virtue of a certain license, duly issued to him by the City of Chicago, to procure which he had paid the city the sum of $2, and that this license was in full force and effect on December 27, 1923, and did not expire until the following April.

The complainant further set forth, in his bill of complaint, that on December 26, 1923, two uniformed policemen of the City of Chicago entered his place of business and told him he was unlawfully selling liquor, and that thereupon, over complainant's protests, they "unlawfully and without any legal warrant or authority as by the statute in such case made and provided," entered the complainant's living rooms and made a search, after which they returned to the front part of the premises, but they did not find any intoxicating liquor; that the officers then returned to one of the complainant's rooms which had previously been searched, and, thereupon, one of them took from the shelf "a pint bottle partly filled with a liquid said police officer said was whisky," and, thereupon, the officers arrested the com-

plainant and took him to the Englewood police station, where he appeared before one of the judges of the municipal court, and "the said case was continued to January 24, A. D. 1924."

The complainant further set forth in his bill of complaint that he did not own the said bottle of whisky nor had it ever been in his possession, and that it had not been brought into his premises by him or any of his agents or servants and that he had no knowledge that said bottle of whisky was in his residence until the police officer showed it to him and said he had found it in the manner described in the bill, and the complainant alleged that some person or persons unknown to him and without his knowledge, permission or consent, had placed the bottle in his premises where the officers had found it.

The complainant then set forth that on the following day, December 27, 1923, another policeman of the City of Chicago came to his place of business and served him with a copy of a notice of the revocation of his license, notifying him that "the Wearing Apparel License issued to Sam Audia at No. 1136 W. 63rd Street has this day been revoked by me, on recommendation of the General Superintendent of Police." This was signed by "William E. Dever, Mayor." Complainant alleged further that this officer notified him to cease doing business, and said that if he did not do so he would be arrested and taken to the police station, and that this notice was being given him under the orders of the Mayor and the Chief of Police.

The complainant set forth that the conduct of his business yielded him an amount of $50 per week, and that if the police persisted in annoying him, "his good will and business and his livelihood will be entirely destroyed and that your orator's entire investment in said business will be a total loss"; that unless the acts of the defendants were restrained he would

be compelled to close his place of business; that there was no ready market for his fixtures and equipment, and finally, that he had conducted only a shoe repairing establishment at the time of his arrest and that he had never dealt in nor sold intoxicating liquors of any kind and never engaged in handling, disposing of or giving away such liquors. The complainant prayed that the court grant him a writ of injunction against the defendants, "restraining them, and each of them and their respective employees, agents and officers, from in any manner attempting to enforce as against your orator, the closing of his said place of business at the address aforesaid or from in any manner interfering with your orator in the conduct of his business."

The defendants filed a demurrer to this bill of complaint, which the chancellor overruled. The defendants elected to stand on their demurrer, whereupon a decree was entered granting the complainant a permanent injunction as prayed for by him in his bill of complaint, "restraining the defendants, and each of them * * * from closing complainant's said place of business or in any manner molesting and interfering with the complainant, Sam Audia, in conducting the business of boot and shoe repairing * * * except as their official duty hereafter may require them so to do in lawful discharge thereof in the due administration of the law as occasion may hereafter arise to warrant the same."

In our opinion, the bill of complaint was not subject to demurrer. The argument advanced by the defendants in support of the demurrer amounts to this: that even if the complainant was entirely innocent of the charge made against him and the bottle of liquor alleged to have been found on his premises was not brought there by him but by someone unknown to him and entirely without his knowledge, nevertheless, the officials of the City of Chicago, pursuant

to the power vested in them by the ordinance authorizing the revocation of licenses, had the right, arbitrarily and without any reason at all, to revoke the complainant's license. That of course is not the law. Assuming, as we must, in view of the pleadings in this case, that the complainant had not committed the offense charged against him, he had a right to proceed with the conduct of his business unmolested. It is entirely clear that the order of the court does not restrain the criminal or *quasi* criminal proceeding against the complainant, as the defendants contend. If that proceeding is prosecuted by the city to a determination, as it should be, and, as a result of that prosecution, complainant should be found not guilty, it would hardly be contended that the officials of the city would nevertheless have the right to revoke his license and compel him to cease conducting his business. On the other hand, if the prosecution of the charge against the complainant resulted in a finding of guilty, there would be ample ground for a revocation of his license.

It is further contended by the defendants that the bill of complaint was subject to demurrer, because it shows on its face that the complainant had an adequate remedy at law. In support of this contention the defendants cite a number of cases, such as *Chicago Public Stock Exchange v. McClaughry*, 148 Ill. 372. The case cited involved a bill of complaint which did not show on its face that the action which the complainant there sought to restrain would not occasion the complainant any irreparable injury, because the sole business there carried on by the complainant was the subletting of space in the premises involved, and the court pointed out that the injury which the complainant would suffer, if the trespass there threatened were carried out, would be nothing more than a loss of the fair rental value of the premises leased, and that "that loss would be susceptible of compensation in damages." That is not the situation

disclosed by the allegations set forth in the bill of complaint in the case at bar. Here it is alleged that the complainant had been conducting his business in the same locality for a number of years, and that as a result he had acquired a good will and a trade which brought him profits, and that his trade would be wholly dissipated and lost to him if his business were interrupted and he was compelled to close his shop. In such a situation it would be difficult, if not impossible, to ascertain accurately the damages which the complainant would suffer.

If the complainant was guilty of unlawfully selling liquor, as charged by the defendants, we see no reason why that fact might not be speedily ascertained by the due prosecution of that charge against him in the manner provided by law, or by issue duly made in the case at bar. The complainant having filed this bill alleging his entire innocence of the charge made against him, and the defendants having, for the purpose of this proceeding, admitted such innocence, the complainant made out a case for equitable relief.

For the reasons stated the decree appealed from is affirmed.

*Decree affirmed.*

O'CONNOR, P. J., and TAYLOR, J., concur.