SELECTMEN OF TOPSFIELD & another *vs.* DEPARTMENT OF PUBLIC UTILITIES.

WALDO A. TOWNE & others *vs.* SELECTMEN OF WENHAM.

Suffolk. February 8, 1929. — May 31, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Electricity. Department of Public Utilities. Certiorari. Equity Jurisdiction,* Review of order of department of public utilities. *Municipal Corporations,* Officers and agents. *Notice. License. Words,* "Abutting."

The selectmen of two towns, acting under G. L. c. 166, § 22, granted to an electric company permission to construct a line for the transmission of electricity within the limits of public ways. Such permission was refused by the selectmen of a third town through which the line had to pass from the first to the second town. The department of public utilities thereafter, upon petition filed by the company under § 28, granted the company such permission as to the third town. Subsequently a petition for a writ of certiorari was brought in the Supreme Judicial Court against the selectmen of the first town seeking to have their order quashed; and the selectmen of the third town filed a bill in equity in that court against the department under G. L. c. 25, § 5. The petition and the bill were reserved for determination by the full court. *Held,* that

(1) The question of the sufficiency of the notices given by the selectmen of the first and second towns under § 22 was not open at the hearing of the company's petition before the department;

(2) The question of the sufficiency of the notice given by the selectmen of the first town was raised by the petition for a writ of certiorari and was before the full court upon the reservation;

(3) At the hearing of the company's petition, the department had jurisdiction to determine the issue of fact, whether the company already had been granted and had accepted permission to construct its line in the first and second towns.

An electric company, under G. L. c. 166, § 22, sought permission from the selectmen of a town to construct a line for the transmission of electricity along the middle of a certain railroad location at a point

where it was crossed by a public way. The owner of the land adjoining such intersection and of the fee of the land at the intersection subject to the railroad location and the easement of the public way was not assessed for taxes upon that part of the way within the location over which the line was to pass. The selectmen, after giving the notice required by said § 22 to the railroad corporation only, granted the company the permission it sought. Upon a petition for a writ of certiorari against the selectmen by the adjoining owner, it was *held,* that

(1) The requirements of § 22 are fulfilled if notice is given to abutting owners as determined by the last preceding assessment for taxation;

(2) The petitioner was not an "abutting" owner within the meaning of said § 22, and was not entitled to notice thereunder: the statute makes no provision for notice to owners of real estate which is adjacent to but does not abut upon the part of the way across which the line is to be constructed;

(3) The railroad corporation, owner of the entire beneficial interest in the abutting land, was the only abutting owner; .

(4) The notice was sufficient.

The selectmen of a town, acting under G. L. c. 166, § 22, granted an electric company permission to construct a line for the transmission of electricity across a public way. The company thereupon acquired necessary land at a substantial expense and accepted conditions and restrictions imposed upon it. Thereafter, and about six months after such permission had been given, the selectmen, without notice and without a hearing, voted to revoke such permission. *Held,* that, even if the selectmen had the power to revoke the permission before it was accepted by the company, the revocation in the circumstances was invalid as against the company.

BILL IN EQUITY under G. L. c. 25, § 5, filed in the Supreme Judicial Court for the county of Suffolk on July 16, 1928. Also, a

PETITION for a writ of certiorari, filed in that court on October 23, 1928.

The bill and the petition are described in the opinion. The suit was heard by *Sanderson,* J., upon the pleadings and a stipulation, and the petition was heard by *Pierce,* J., upon the pleadings and an agreed statement of facts. The transmission lines for electricity, which were the subject of controversy in both cases, were along the middle of the railroad location, which crossed Topsfield Road at an angle. Both cases were reserved by orders of the respective single justices for determination by the full court. Material facts are stated in the opinion.

*R. G. Dodge,* (*H. S. Davis & S. H. Donnell* with him,) for the plaintiffs and petitioners.

*C. F. Lovejoy*, Assistant Attorney General, for the defendant Department of Public Utilities.

*H. W. King & W. B. Sullivan*, for the respondents Selectmen of Wenham.

PIERCE, J. These cases were heard by single justices of this court, and were reserved respectively for the determination of the full court. Before the full court they were argued together.

The second case is a petition for a writ of certiorari under G. L. c. 249, § 4, and G. L. c. 211, § 3, against the selectmen of the town of Wenham, whereby the heirs at law and the administrator of the estate of Mary L. Towne, deceased, seek to have quashed an order of said selectmen purporting to grant to the Eastern Massachusetts Electric Company, hereinafter called the Company, permission to construct and use transmission lines of electricity in bulk, as defined in G. L. c. 164, within the location of the Boston and Maine Railroad where it crosses the Topsfield Road in the town of Wenham, as shown in a plan filed with the petition of the Company dated June 15, 1927.

The first case is a bill of complaint under G. L. c. 25, § 5, in the nature of an appeal from an order of the department of public utilities granting to the Company upon its petition under G. L. c. 166, § 28, locations for electric transmission lines across certain public ways in the town of Topsfield. The plaintiffs are the selectmen of Topsfield and one Thomas E. Proctor, who owns in fee a large tract of land in Topsfield traversed by a public way known as High Street. The order above referred to purported to grant authority to the Company to continue the electric transmission lines across seven public ways in the town of Topsfield, described on seven plans annexed to the petition of the Company, each dated June 15, 1927, subject to certain terms and conditions specified in said order and not here material.

Both cases are here on substantially the same facts, which are either admitted by the return of the selectmen or were agreed to by the parties. In each case the validity of the location which the selectmen of Boxford and Wenham granted to the Company is attacked because, as alleged, the

public hearing on the petition was held without following the statutory requirement of G. L. c. 166, § 22, that "written notice of the time and place of the hearing shall be mailed at least seven days prior thereto by the . . . selectmen of the town to all owners of real estate abutting upon that part of the way upon, along, across or under which the line is to be constructed, as such ownership is determined by the last preceding assessment for taxation." In the first case the validity of the action of the department of public utilities is attacked because subsequent to the filing of the petition with the department, the selectmen of Boxford on March 17, 1928, without notice to the Company and without a hearing, adopted the following vote: "Voted, That owing to the pressure of a petition signed by a majority of the voters of the Town of Boxford, and presented to us, that the location granted to the Eastern Massachusetts Electric Company on Sept. 23rd, 1927, to construct lines for the transmission of electricity across certain highways in the Town of Boxford be, and, in so far as we are legally able to do so, hereby is revoked."

The agreed facts which are material and common to the issue presented in both cases, are in substance as follows: Mary L. Towne, who died intestate on June 2, 1927, was the owner in fee of a tract of land in Wenham, subject in part to the location of the Boston and Maine Railroad and to a public easement known as Topsfield Road. At the junction of the railroad location and Topsfield Road the fee of all the adjoining land, except on the northeasterly side of the road from the center line of the crossing, was in Mary L. Towne at her death and thereafter in her heirs at law. On June 15, 1927, the Company, by petition to the selectmen of Wenham, sought permission to construct an electric transmission line within the space covered by the railroad location and the Topsfield Road crossing. On October 22, 1927, an order was issued by the selectmen granting permission to construct and use transmission lines across the highways. In the town of Boxford a similar petition was filed by the Company and a similar order was granted the petitioners by the selectmen of that town. Notices of the time and place of hearing to be

held upon the petitions were given only to the Boston and Maine Railroad by the selectmen of the towns of Boxford and Wenham, "it being the opinion of the selectmen in each of said towns that the Boston and Maine Railroad was the only owner of real estate abutting upon that part of the ways upon, along or across which the line is to be constructed."

The selectmen of Topsfield, through which town the line necessarily had to pass from Wenham to Boxford, refused to grant a location to the Company whereupon the Company filed a petition with the State department of public utilities under G. L. c. 166, § 28, requesting a location through Topsfield. At the hearing on this petition the selectmen of Topsfield contended that the department had no jurisdiction over the petition, for the reason that the purported locations in Wenham and Boxford had not been legally granted; or, if legal in Boxford at the time granted, the location ceased to be so by virtue of the vote of the selectmen of that town on March 17, 1928, *supra.* On June 9, 1927, after public notice and hearing, the department determined that the public convenience would be served by the construction of the transmission line and that its construction was consistent with the public interest, and on June 15, 1928, granted authority to the Company to construct and use transmission lines for the purpose of transmitting electricity across certain streets in the town of Topsfield. Requests for rulings filed by the petitioners at the hearing, to the effect that the department was without power to grant the location prayed for if proper notices were not given by the selectmen of Wenham and Boxford, in compliance with G. L. c. 166, § 22, were denied; as was a request to rule that "The revocation of the location in Boxford pursuant to vote of the selectmen passed on March 17, 1928, is valid and effective." These requests embraced all the substantial issues in both cases.

The sufficiency of the notices given by the selectmen of the towns of Boxford and Wenham was not open to collateral attack at the hearing before the department. The question of the sufficiency of the notice given by the selectmen of Wenham was properly raised by the petition for certiorari and is before us on the reservation. *Gilkey* v. *Watertown,*

141 Mass. 317, 319. When the petition was filed with the department under G. L. c. 166, § 28, it had jurisdiction to determine as matter of fact whether the Company had already been granted and had accepted a location for its lines in the towns of Boxford and Wenham. This determination of fact necessarily required the department to decide whether the grant of the selectmen was made in pursuance of G. L. c. 166, § 22.

The land of the heirs of Mary L. Towne which was held in fee, subject to the location of the Boston and Maine Railroad, and to the public easement of travel at the Topsfield Road crossing, was not assessed to the railroad corporation because land within a railroad location not exceeding five rods in width is exempt from taxation so far as the railroad corporation is concerned; G. L. c. 160, § 87, *Worcester* v. *Western Railroad,* 4 Met. 564, *Boston & Maine Railroad* v. *Cambridge,* 8 Cush. 237, and it was not assessed or assessable to the heirs as owners of the fee, because the exclusive possession and control of the property by the railroad corporation and by the public left them as owners with no right of substantial value. *Lancy* v. *Boston,* 186 Mass. 128, 132. The land of the heirs which adjoined the location of the railroad and the Topsfield Road, which was assessable to the owners or occupants did not abut "upon that part of the way . . . across . . . which the line is to be constructed." The statute, in terms, makes no provision for notice to owners of real estate which is adjacent to but does not abut upon the part of the way across which the line is to be constructed; and there is nothing in the apparent purpose of the statute which indicates a legislative intention that the words, "to all owners of real estate abutting," should be used synonymously, or interchangeably, with the words to all owners of real estate "adjoining" that part of the way across which the line is to be constructed.

The Boston and Maine Railroad, subject to the easement of public travel over Topsfield Road, was the occupant and owner of the entire beneficial interest in the land covered by its location, with a right which was substantially absolute so long as the location was used for railroad purposes. All abut-

ting land on the electric line to be constructed was within the railroad location. A construction of this statute which would require notice to persons assessed for land adjoining but not abutting on the part of the way across which the line is to be constructed would give a more liberal interpretation to the legislative intention than the terms of the statute can bear. That the requirement of the statute as to notice to owners is fulfilled if notice is given to owners, as such ownership is determined by the last preceding assessment for taxation, is obvious from the fact that the owner of a fee in land which is subject to a public easement of travel is not, as of right, entitled to any notice or hearing, before the Legislature directly or through any subordinate public board or agency can grant permits for additional public service over, across or under such public way, unless such grant or permit creates an additional servitude on the highway in or across which the use is permitted. *Pierce* v. *Drew*, 136 Mass. 75. *Howe* v. *West End Street Railway*, 167 Mass. 46. *New England Telephone & Telegraph Co.* v. *Boston Terminal Co.* 182 Mass. 397. See *Frost Coal Co.* v. *Boston*, 259 Mass. 354.

In the cases here pending there was no tax assessment in either Wenham or Boxford to any owners of land abutting upon the way, along, across or under which the line to be constructed was authorized to pass. It follows that the selectmen of Wenham and Boxford were not required by G. L. c. 166, § 22, to give notice to the unassessed abutting or adjoining owners before their hearings, and the determination upon the petitions of the Company.

If it is assumed the selectmen of Boxford had power to revoke the grant before acceptance by the Company, it is plain the action of the selectmen of Boxford taken in March, 1928, *supra*, was invalid as against the Company which, in reliance upon the action of the selectmen, had, after the grant and before the revocation, acquired various parcels of land in Danvers necessary for the construction of its transmission lines at a total expense of over $17,000, and had accepted certain restrictions and conditions which had been confirmed and established by the department of pub-

lic utilities under G. L. c. 166, § 27.   See *Metropolitan Home Telephone Co.* v. *Emerson,* 202 Mass. 402; *General Baking Co.* v. *Street Commissioners,* 242 Mass. 194; *McPherson* v. *Street Commissioners,* 251 Mass. 34; *Lynch* v. *Lowell Electric Light Corp.* 263 Mass. 81.   In *Burgess* v. *Mayor & Aldermen of Brockton,* 235 Mass. 95, power of revocation was reserved in the ordinance.

· It results that the petition for certiorari must be denied, and the bill in equity be dismissed with costs.

*Ordered accordingly.*