People of the State of Illinois ex rel. Morris Zaransky, Trading as Acme Furniture and Waste Material Company, Appellant, v. City of Chicago et al., Appellees.

Gen. No. 39,807.

Opinion filed January 10, 1938.

Meyer A. Ginsburg, of Chicago, for appellant.

Barnet Hodes, Corporation Counsel, for appellees; Martin H. Foss and Alphonse Cerza, Assistant Corporation Counsel, of counsel.

Mr. Justice McSurely delivered the opinion of the court.

Plaintiff, by a petition for mandamus, asked that defendants be commanded to issue to him a retail junk dealer's license for the year 1937, as provided for in sections 3710, 3711 and 3712 of the Revised Chicago Code, 1931. The trial court denied the petition and plaintiff appeals.

Plaintiff alleges that he was engaged in the retail junk dealer business at 5825 South State street in Chicago; that he made application for the license January 27, 1937, for the year 1937, and had complied with all the ordinance requirements, and that defendants refused to issue the license.

Sec. 3710 of the ordinance provides that the mayor shall grant licenses to junk dealers who shall, among other things, produce "satisfactory evidence of good character;" and to such corporations as shall produce "satisfactory evidence of reputable standing."

In granting such licenses the authorities may use a reasonable discretion but, as said in *Swift v. People,* 63 Ill. App. 453, 459, "Such discretion can not be

arbitrary—governed by fancy, caprice or prejudice; it must be sound discretion, guided by law, legal and regular.'' This rule has been frequently stated.

Apparently plaintiff was refused a license on account of a criminal charge brought against him in 1934 of receiving stolen property; upon trial a verdict of guilty was returned and plaintiff appealed to the Supreme Court, which reversed the judgment of the criminal court and remanded the cause for a new trial. *People v. Zaransky*, 362 Ill. 76. Upon the second trial plaintiff was found not guilty. During all the time the criminal case was pending he was in the junk business at 5825 S. State street.

There was credible evidence that plaintiff was of good character and reputable standing. He was honorably discharged from the United States army after having served in the world war; in 1923, in order to avoid bankruptcy he paid all his creditors in full; finally, in 1928 he bought the junk shop at 5825 S. State street where he engaged in the retail junk business until a license was refused him. Prior to his indictment in 1934 he had never been in trouble at any time and never charged with violation of any law, and this is true since 1934; he is vice-president and chairman of the board of trustees of the Junk Dealers' Association; also president of the Ticktiner Verein and vice-president of the Iris Reunion Club. These are charitable societies, providing benefits for members. He is also a member of the board of trustees of the Douglas Park Day and Night Nursery, a home for orphans; he is also supervisor of a cemetery, which position the directors asked him to accept, and a member of the board of directors of his church. He was elected to some of these positions after his indictment and conviction in the criminal court. A witness testified that he had known plaintiff since 1914; that his general reputation among his business associates is very good; he is a peaceful, law abiding citizen.

Only one witness testified for defendants—a police officer who had charge of the investigation which resulted in plaintiff's indictment in 1934; the testimony of this officer is somewhat indefinite; it indicates that three men were arrested for stealing junk and that some of the property was found at the place of business of plaintiff, who admitted buying it but denied knowing it was stolen. Counsel for defendants stated upon the trial in the instant case that the reason plaintiff was refused a license was the fact that at one time stolen property had been found on his premises. This was held to be sufficient to rebut the fact of acquittal of the plaintiff of the charge and the proof made of his good character and reputation. Reduced to its simplest terms this means that regardless of his reputation and character, if one has been accused of the commission of a crime, although acquitted on the trial, no license to conduct any business can be issued to him. This certainly is not the law. In *Audia v. City of Chicago,* 236 Ill. App. 613, the plaintiff was accused of unlawfully having upon his premises intoxicating liquor, which was found there by police officers; he sought an injunction to restrain the officers from closing his place of business, where he repaired boots and shoes, or in any manner interfering with him in the conduct of his business; the city contended that having found the unlawful liquor on his premises it had the power to revoke his license. The court held that this was not the law; that it must be assumed that Audia had not committed the offense charged against him, and if as a result of prosecution he should be found not guilty, the officials of the city could not contend that, nevertheless, it had the right to revoke his license. We are in accord with that holding, and applying it to the instant case we are of the opinion there was an abuse of discretion in refusing the plaintiff his license.

It is suggested in defendants' brief that plaintiff's place of business is located on a street railway line, contrary to the zoning ordinances of the city. This is not supported by any argument. Moreover, the evidence shows that the application for license was approved by both the building department and the zoning department of the city. It was only the police department that refused it. Upon the trial it was stipulated that the premises occupied by plaintiff were in constant use as a junk yard since 1917, hence the prohibitory clause of the zoning ordinances did not apply.

The judgment is reversed and the cause is remanded with directions that the defendants issue to plaintiff a license as prayed for.

*Reversed and remanded with directions.*

O'CONNOR, P. J., and MATCHETT, J., concur.