RALPH F. WOODBURY *vs.* MUNICIPAL COUNCIL OF GLOUCESTER.

Essex. May 10, 1945. — June 5, 1945.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & WILKINS, JJ.

*License. Fisheries.*

Even if, in the absence of a provision in G. L. (Ter. Ed.) c. 130 as appearing in St. 1933, c. 329, § 2, expressly providing for a revocation of a license to construct and maintain a fish trap in navigable waters, the licensing body had authority to revoke in its discretion, such discretion must be exercised reasonably.

Upon facts appearing in a return to a writ of certiorari, a revocation by a municipal council of a license issued to the petitioner to construct and maintain a fish trap in certain navigable waters was arbitrary, capricious and unreasonable and was declared void, where the stated ground of the revocation was that, when the license was granted, a license for the same location was outstanding in another, but it appeared that the former licensee had ceased to operate under his license, that, it having been returned to the city clerk, an application by the petitioner then had been granted and the license in question issued to him, and that a required Federal permit also had been issued to him.

PETITION, filed in the Supreme Judicial Court for the county of Essex on August 29, 1944, for a writ of certiorari.

After issuance of the writ and a return by the respondent council, the case was reserved and reported by *Ronan*, J.

*W. J. MacInnis,* for the petitioner.

*E. Morley,* for the respondents.

RONAN, J.   This is a petition for a writ of certiorari to quash the revocation of a license granted to the petitioner by the municipal council of Gloucester to construct and maintain a fish trap "at Cod Rock off Lanesville Shore." A similar license to maintain this trap had been granted in 1937 to one Elbridge Woodbury for the term of five years, but the petitioner, having acquired this trap from Elbridge Woodbury, returned the license which had been issued to Elbridge Woodbury, and that license was later mailed to him by the city clerk who also enclosed a form for an application for a new license. The petitioner made out the form and was granted a license on February 5, 1941. This license was approved by the department of public works of the Commonwealth in accordance with G. L. (Ter. Ed.) c. 130, § 20, as appearing in St. 1933, c. 329, § 2. The municipal council granted a license to one Johnson in October, 1942, to construct and maintain a fish trap at the location described in the license of the petitioner. Both the petitioner and Johnson appeared before the municipal council in the summer of 1943. Each claimed the right to maintain a trap at the same location. The council was advised by the director of the division of marine fisheries that the petitioner had prior rights to the location and that it should revoke Johnson's license. That license was revoked on September 15, 1943. Counsel for Johnson appeared before the council in November, 1943, and June, 1944, and contended that the council had no authority to grant a license to the petitioner because Elbridge Woodbury had not at that time surrendered a permit which he had received from the war department of the United States consenting to his maintenance of the fish trap. The municipal council notified the petitioner to appear and show cause why his license should not be revoked. At the conclusion of the hearing, on August 9, 1944, one member of the council moved that the license be revoked because it was granted while the license to Elbridge Woodbury was in effect. This motion was seconded and carried. The council on

August 16, 1944, granted another license to Johnson to maintain a fish trap at the location formerly had by the petitioner.

The petitioner contends that the municipal council had no power to revoke his license but that, if it had, the cause for revocation was insufficient in law to justify its action.

General Laws (Ter. Ed.) c. 130 was struck out by St. 1933, c. 329, § 2, and a new chapter was substituted therefor. See now § 29 of G. L. c. 130 as appearing in St. 1941, c. 598, § 1, which took effect after the granting of the license to the petitioner on February 5, 1941. The petitioner's license was granted in accordance with § 20 of the chapter substituted in 1933, which provides that the aldermen of a city lying upon tidewater may in writing authorize any person to construct a fish trap in tidewater in a location within the city for a term not exceeding five years upon such conditions and subject to such regulations as they, in their discretion, may impose, but that such authority or license shall not be valid unless approved by the department of public works of the Commonwealth upon such terms and conditions as the said department may, in its discretion, impose. This section does not expressly provide for a revocation of the license. It has been held that, even in the absence of such a provision, a statute authorizing the grant of a license that amounts to no more than a mere personal privilege also authorizes the revocation of the license. *Sullivan* v. *Borden,* 163 Mass. 470. *Doyle* v. *Continental Ins. Co.* 94 U. S. 535, 540. *State* v. *Pulsifer,* 129 Maine, 423. *McKenzie* v. *McClellan,* 62 Misc. (N. Y.) 342.

The site of the fish trap which the petitioner was permitted by his license to construct and maintain was located in navigable waters upon which the public had a right to travel in boats. *Commonwealth* v. *Charlestown,* 1 Pick. 180. *Commonwealth* v. *Chapin,* 5 Pick. 199. *Blood* v. *Nashua & Lowell Railroad,* 2 Gray, 137. *Commonwealth* v. *Vincent,* 108 Mass. 441, 445–446. An obstruction to navigation in tidal waters constitutes a public nuisance unless authorized by an appropriate governmental agency. *Attorney General*

*v. Woods*, 108 Mass. 436. *Fuller* v. *Andrew*, 230 Mass. 139. *Dalton* v. *Great Atlantic & Pacific Tea Co.* 241 Mass. 400. *Anderson* v. *Kopelman*, 279 Mass. 140. *Bern* v. *Boston Consolidated Gas Co.* 310 Mass. 651. The license to construct and maintain a fish trap in such an area was not a contract or a property right. It was merely a privilege which permitted the petitioner to occupy a location for his personal benefit in navigable waters which are open to the public use. He had no proprietary interest in the land upon which the trap was constructed or to which it was attached. We do not intimate that, if he had such an interest, he could prevail, for it is settled that a license granted to a person to use a public way, even if he owns the fee therein and even if the statute makes no provision for the revocation of the license, is revocable at the discretion of the licensing board. *Union Institution for Savings* v. *Boston*, 224 Mass. 286, 287. See *Burgess* v. *Mayor & Aldermen of Brockton*, 235 Mass. 95, 100; *Boston* v. *A. W. Perry, Inc.* 304 Mass. 18, 21. Such a license differs from one granted to an owner of private premises for the purpose of enabling him to erect and use a building upon his land. But such a licensee has a right to expect that he will not be disturbed in the use so long as he complies with the conditions of the license and so long as the Legislature makes no change in the law. *Lowell* v. *Archambault*, 189 Mass. 70. *General Baking Co.* v. *Street Commissioners of Boston*, 242 Mass. 194. *Brett* v. *Building Commissioner of Brookline*, 250 Mass. 73, 79. *McPherson* v. *Street Commissioners of Boston*, 251 Mass. 34. *Selectmen of Topsfield* v. *Department of Public Utilities*, 267 Mass. 343, 349–350. The case differs from those where the statute authorizes a revocation for certain enumerated causes or "for cause," and the existence of one of the designated causes or a cause sufficient in law, as the case may be, must be proved before a revocation can be effected. *Higgins* v. *License Commissioners of Quincy*, 308 Mass. 142, 144. One who accepts a license revocable at the discretion of the granting authority takes it subject to that infirmity, and he has no just ground of complaint if the power to revoke is properly exercised

before the term of the license has expired. *Commonwealth v. Kinsley*, 133 Mass. 578. *Young v. Blaisdell*, 138 Mass. 344. *Commonwealth v. McGann*, 213 Mass. 213. *Union Institution for Savings v. Boston*, 224 Mass. 286. *Burgess v. Mayor & Aldermen of Brockton*, 235 Mass. 95. *Revere v. Riceman*, 280 Mass. 76. *N. V. Handel Industrie Transport Maatschappij v. State Fire Marshal*, 305 Mass. 482. *Marchesi v. Selectmen of Winchester*, 312 Mass. 28.

The record, however, shows that no ground existed for the revocation of the license. It is not contended that the petitioner was guilty of any misconduct in the maintenance of the trap. It is not suggested that the continuance of the trap would be detrimental to the public interest. Such a reason could hardly be advanced in view of the fact that within a week of the revocation of the petitioner's license a new license for the same location was issued to Johnson. Johnson's license had been revoked the previous year by the municipal council because the maintenance of his trap interfered with the operation by the petitioner of his own trap. The petitioner's rights in the location were then found to be superior to those of Johnson. There is nothing in the suggestion that the petitioner's license was not for the full period of five years. The only ground for the vote to revoke the petitioner's license was that the license of Elbridge Woodbury was outstanding when the license was granted to the petitioner. The existence of that ground is negatived by the return filed by the respondents. The petitioner had returned the outstanding license of Elbridge Woodbury, and the city clerk had mailed this license together with the application for a new license to the petitioner. The municipal council then renewed in the name of the petitioner the license formerly held by Elbridge Woodbury. It appears also from the return that the petitioner had a Federal permit for the location. See U. S. C. (1940 ed.) Title 33, § 403. Elbridge Woodbury was not obliged to maintain the fish trap during the entire term of his license. He could, as he undoubtedly did, abandon the business at any time before the expiration of his license, and in that event the municipal council could grant a new license to

another.   *Charles River Bridge* v. *Warren Bridge*, 7 Pick. 344, 467.   *Shemeth* v. *Selectmen of Holden*, 317 Mass. 278. *Coombe* v. *United States*, 3 Fed. (2d) 714.   *Phœnix Assurance Co. Ltd.* v. *Ludwig*, 87 Ark. 465.   *Wolf* v. *Runnels*, 90 Maine, 253.   *Williams* v. *Seufert Bros. Co.* 96 Ore. 163. *Carlisle Packing Co.* v. *Pacific American Fisheries*, 160 Wash. 353.   The municipal council had no power to revoke the license on the ground that a previous council lacked authority to issue a license to the petitioner because a license had been granted to Elbridge Woodbury, who, the record showed, had ceased to operate under his license.   The revocation in these circumstances does not come within the scope of any reasonable exercise of discretion.   The action of the municipal council was an arbitrary, capricious and unreasonable exercise of power.   It was said in *Burgess* v. *Mayor & Aldermen of Brockton*, 235 Mass. 95, 101, where the respondents were authorized to revoke a license to use the public ways as a common carrier of passengers "for any other cause deemed by said licensing authorities in the exercise of reasonable discretion to be sufficient," that "The power to revoke is not to be exercised arbitrarily or irrationally.   In its primary aim, public welfare rather than the use of private property exclusively is concerned."   The revocation of a taxicab license by an official who was empowered to revoke "for any cause deemed satisfactory to him and without a hearing" was upheld in *Rafferty* v. *Police Commissioner of Boston*, 259 Mass. 145, 146, only because "There is nothing to betoken the exercise of arbitrary power by the respondent." *Jones* v. *Opelika*, 316 U. S. 584, 600.   *Klafter* v. *Examiners of Architects*, 259 Ill. 15.   *Audia* v. *Chicago*, 236 Ill. App. 613.   *People* v. *Department of Health of New York*, 189 N. Y. 187.   *William Fox Amusement Co.* v. *McClellan*, 62 Misc. (N. Y.) 100.   *Richardson* v. *Reese*, 165 Tenn. 661.   See *Elmer* v. *Commissioner of Insurance*, 304 Mass. 194.

Judgment is to be entered quashing the decision of the respondent council revoking the petitioner's license.

*So ordered.*